## ROYAL INDEMNITY COMPANY v. TOWNSHIP OF ISLAND LAKE.[1]

May 10, 1929.

Nos. 27,133, 27,381.

C. J. Foley and Robert Pearson, for appellant.

L. A. Wilson and Johnston & Carman, for respondent.

[1]Reported in 225 N. W. 291.

HILTON, J.

Appeal by plaintiff from a judgment decreeing that plaintiff take nothing for its cause of action and that defendant recover its costs and disbursements.

One Danks contracted with the defendant to construct a township road. Plaintiff was surety on his bond. Danks defaulted and abandoned the work. Plaintiff then entered into a written contract with defendant to complete the Danks contract by performing the work remaining undone, the same unit prices as were specified in the Danks contract to be paid therefor. Plaintiff completed the work, having received payment of $3,000 thereon. The question in this case was whether the plaintiff was entitled to recover, for the work done, a sum in excess of that which had been paid it. The case was tried on that theory and so submitted to the jury.

The evidence was conflicting and, as stated by the trial court, was not satisfactory. The burden of proof was upon plaintiff to show what work it had performed under its contract and how much, if anything, was still due thereon. It was a question for the jury. No claim is made that the rulings of the court on the admission of evidence or as to the charge given by the court to the jury were improper. The errors assigned are (1) that the verdict is contrary to law and is not justified by the evidence; (2) that the insufficiency of the damages shows that the verdict was rendered under the influence of prejudice against the plaintiff.

There is no discussion in appellant's brief, nor was there in oral argument, that the evidence was insufficient to support the verdict for defendant. It was sufficient. The verdict returned by the jury was: "We, the jury in the above entitled action, find for the plaintiff and assess damages in the sum of none dollars." In a case like this, there are usually sent out to the jury two printed forms of verdict—one finding for plaintiff with a blank space therein in which to insert the amount of damages found for the plaintiff; the other a verdict for defendant. The jury used the first form, simply inserting the word "none" in the blank space. It is clear that the intention of the jury, by the verdict returned, was to find that plain-

tiff was not entitled to any damages against the defendant. It had the same effect as, and was in fact though not in form, a verdict for defendant. The court might well have had the verdict corrected before being finally received and recorded. It was not however necessary.

In a case where the liability of a defendant is clearly shown and a verdict for plaintiff awards damages in an unreasonably small amount considering the evidence, the verdict may, under certain circumstances, be set aside on the ground that it was rendered under the influence of prejudice. 5 Dunnell, Minn. Dig. (2 ed.) § 7141. There is no such situation here. The verdict awarded no damages. It, with evidence to sustain it, determined the issues in the case—that plaintiff had been fully paid for all the work it had done under the contract and hence was not entitled to recover anything.

Judgment affirmed.