299 F.2d 133
 112 U.S.App.D.C. 49
 ASSOCIATION OF WESTERN RAILWAYS et al., Appellants,
v.
RISS & COMPANY, Inc., Appellee.
The ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY et al., Appellants,
v.
RISS & COMPANY, Inc., Appellee.
ASSOCIATION OF WESTERN RAILWAYS, Traffic Executive
Association-EasternRailroads, Eastern Railroad Presidents
Conference, Carl Byoir and Associates,Inc., and the
Pennsylvania Railroad Company, Appellants,
v.
RISS & COMPANY, Inc., Appellee.
 Nos. 16206, 16255, 16376.
 United States Court of Appeals District of Columbia Circuit.
 Argued Nov. 3, 1961.
Decided Jan. 25, 1962.
 
 Mr. Stuart S. Ball, Chicago, Ill., with whom Mr. Richard J. Flynn, Chicago, Ill., was on the brief, for appellant Assoc. of Western Railways in Nos. 16206, 16376, and appellant The Atchison, Topeka & Santa Fe Railway Co. and certain other appellants in No. 16255.
 Mr. James H. McGlothlin, Washington, D.C., with whom Messrs. Thaddeus Holt, Birmingham, Ala., and William H. Greer, Jr., Washington, D.C., were on the brief, for appellant Traffic Executive Assoc. and certain other appellants in Nos. 16206, 16376, and appellant Pennsylvania Railroad Co. in No. 16255.
 Mr. A. Alvis Layne, Washington, D.C., with whom Mr. Lester M. Bridgeman, Washington, D.C., was on the brief, for appellee.
 Before Wilbur K. Miller, Chief Judge, and EDGERTON and BASTIAN, Circuit Judges.
 EDGERTON, Circuit Judge.
 
 
 1
 Appellee Riss & Company, Inc. (Riss), an interstate trucker, sued 85 railroads, four railroad associations, and a public relations firm, charging them with conspiracy to monopolize and eliminate Riss's competition in transportation of ammunition and explosives for the United States, in alleged violation of 1 and 2 of the Sherman Act, 15 U.S.C.A. 1, 2. The plaintiff asked damages and injunctive relief. Many defendants were dismissed before trial. Two paid Riss $15,000 each for a covenant not to sue. Riss's claim against the remaining 28 defendants was tried on about 120 days during a ten-month period.
 
 
 2
 The court gave the jury a 'FORM OF VERDICT' on which the name of each defendant was listed and was followed by the words 'For Plaintiff' and also the words 'For Defendant'. At the end of the form were these words: 'If your verdict is in favor of the plaintiff against two or more of the defendants, what is the total amount of your verdict? $------'. After deliberating some ten days, the jury returned a verdict on this form. It found 'For' the plaintiff against five of the defendants, namely The Pennsylvania Railroad Company, three railroad associations, and the public relations firm; 'For' each of the other 23 defendants; and '$ None' as the 'total amount of your verdict'.
 
 
 3
 After giving a supplemental charge which our view of the case makes it unnecessary to consider, the court said: 'The Court does not believe this is a legal verdict. I am going to ask you to return to your jury room and deliberate further. I will not accept this verdict.' The jury retired again. Slightly more than an hour later it brought in an altered verdict on the same form it had used before. After '$', the word 'None' had been crossed out and '75,000' had been written in. The court denied the five defendants' motions for judgment n.o.v., granted costs against them, denied costs to the 23 other defendants, refused to reduce the new verdict by the $30,000 which two former defendants had paid Riss before trial, trebled the damages under 4 of the Clayton Act, and entered judgment against the five defendants. The court also entered judgment allowing Riss an attorney's fee of $112,500. The five defendants appeal in Nos. 16206 and 16376.
 
 
 4
 Both the complaint and the evidence were largely though not entirely concerned with efforts of the defendants to influence legislative and administrative action. The principal question of law was whether the Sherman Act condemns such efforts when they are jointly made for the purpose of destroying or restricting competition. The District Court answered this question in the affirmative and instructed the jury accordingly, relying expressly on the similar case of Noerr Motor Freight, Inc. v. Eastern Railroad Presidents Conference which had recently been dicided by the District Court for the Eastern District of Pennsylvania and affirmed, over the dissent of Chief Judge Biggs, by the Court of Appeals for the Third Circuit. D.C., 155 F.Supp. 768; 3 Cir., 273 F.2d 218.
 
 
 5
 Four months after our District Court decided the present case, the Supreme Court reversed Noerr. Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464. A group of truckers and their trade association had sued under 4 of the Clayton Act for treble damages and injunctive relief against a group of railroads, a railroad association, and a public relations firm, charging them with conspiring to restrain trade in and to monopolize transportation of freight in alleged violation of 1 and 2 of the Sherman Act. The Supreme Court held, contrary to the District Court's instructions to the jury in the present case, that joint solicitation of government action with respect to the passage or enforcement of laws does not violate the Sherman Act, even if its purpose is to destroy competition and even if deceitful propaganda is used. Irrespective of any other evidence in the present case, therefore, and irrespective of any other error, the District Court's judgments cannot stand.
 
 
 6
 We must reverse the judgments for another reason also. The District Court erred in failing to accept the verdict which the jury first returned. That verdict plainly meant that five of the defendants had conspired and plainly meant, also, that the conspiracy had not damaged Riss. Section 4 of the Clayton Act allows treble damages, and costs including an attorney's fee, to a person who is 'injured in his business or property by reason of anything forbidden in the antitrust laws'. 15 U.S.C.A. 15. The 'gist of the action is not merely the unlawful conspiracy * * * but is damage to the individual plaintiff resulting proximately from the acts of the defendant which constitute a violation of the law.' Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 72 F.2d 885, 887. Keogh v. Chicago & N.W. Ry., 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183; Hunter Douglas Corp. v. Lando Products, Inc., 9 Cir.,235 F.2d 631. The finding that the conspiracy had not damaged the plaintiff was therefore a finding that the plaintiff had not proved its claim. The defendants were therefore entitled to judgment.
 
 
 7
 Appellee contends that the jury's first verdict was ambiguous, and that the trial court was therefore within its discretion in refusing to receive the verdict and in returning the case to the jury with supplemental instructions. The conclusion may follow from the premise, but the premise is erroneous. We find no ambiguity in the verdict. Its formal oddity is unimportant. 'In several cases, a verdict for the plaintiff which affirmatively states that it is for no amount of damages, has been held to warrant the entry of a judgment for the defendant.'[1] In Poydock v. Adams Transfer & Storage Co., a negligence suit, the jury found a verdict in favor of the plaintiff 'in the sum of none * * *.' The court said: 'Despite its rather peculiar form, the verdict can be interpreted only as a finding in favor of the defendant.' D.C., 51 F.Supp. 374. In Schwab v. Nordstrom, 138 Kan. 497, 27 P.2d 242, an action for assault, the jury returned a verdict for the plaintiff and found 'no damages actual or punitive * * *.' The court said: 'it is clear that the jury found that none of the parties claiming damages had made out a case in which he was entitled to recover damages.' 27 P.2d at 243. In Chapin v. Foege, 296 Ill.App. 96, 15 N.E.2d 943, a negligence suit, the jury's verdict was 'guilty', damages 'no dollars'. The court entered judgment denying recovery. In Royal Indemnity Co. v. Island Lake Township, 177 Minn. 408, 225 N.W. 291, the verdict was: 'We * * * find for the plaintiff and assess damage in the sum of none dollars.' The appellate court said: 'It had the same effect as, and was in fact though not in form, a verdict for defendant.' 225 N.W. at 292. In Daniels v. Celeste, 303 Mass. 148, 21 N.E.2d 1, 128 A.L.R. 682, after a jury returned a verdict for the plaintiff with damages in 'the sum of No Dollars and No Cents', the court directed the jury to return a verdict for the defendant. Cf. Washington Market Co. v. Clagett, 19 App.D.C. 12, 28.
 
 
 8
 The jury's original verdict was and is valid. The alteration which resulted from the court's erroneous rejection of the verdict is not valid. Judgments for all the defendants should have been entered at the trial and should be entered now. 62 Stat. 963 (1948), 28 U.S.C. 2106 (1958). Dextone Co. v. Building Trades Council, 2 Cir., 60 F.2d 47.
 
 
 9
 Railroad defendants counterclaimed against Riss for alleged violations of the Sherman Act by conspiring with other truckers to fix rates and thereby divert from the counterclaimants profitable traffic that they would otherwise have carried. No. 16255 is the railroads' appeal from a summary judgment for Riss on this counterclaim. We agree generally, in essential respects, with the district judge's views regarding the counterclaim. Riss & Company v. Association of American Railroads, D.C., 190 F.Supp. 10. The evidence proffered by the counterclaimants does not appear to us to raise an issue of material fact in support of their claim that they were injured by the alleged illegal rates.
 
 
 10
 Nos. 16206 and 16376 reversed.
 
 
 11
 No. 16255 affirmed.
 
 
 
 [1]
 49 ALR2d 1334 (1956). The cases have not been unanimous. 116 ALR 834 (1938), 49 ALR2d 1331 (1956)