Gerald Dee **HALEY**, Plaintiff-Respondent,

v.

**BYERS TRANSPORTATION COMPANY, Inc., and Kenneth G. Deem, Defendants-Appellants.**

No. 50919.

Supreme Court of Missouri,

Division No. 2.

Sept. 13, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 11, 1965.

Thaine Q. Blumer, Blumer & Wright, Kansas City, for plaintiff-respondent.

Jack G. Beamer, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, Edward J. Houlehan, Houlehan & Waterman, Kansas City, for defendants-appellants.

FINCH, Judge.

Defendants appeal from a judgment for plaintiff for $20,000.00. Jurisdiction of this court is conferred by the amount involved.

This case arises out of a collision which occurred on February 24, 1961, at about 1:00 A.M., on U.S. Highway 40 at a point about three and one-half miles east of the city limits of Odessa, Missouri. At that point the highway was approximately 24 feet wide and carried both east and westbound traffic. The Hillcrest Service Station and Cafe was located on the south side of the highway and was on the crest of a hill. The easternmost driveway into the Hillcrest Station was approximately 300 feet east of the crest of the hill.

Shortly before the collision occurred, a tractor-trailer unit of Southwest Freight Lines, driven by one Barnett, was headed

west on Highway 40. As he came up the hill toward Hillcrest, he reduced his speed and signalled with his turn indicator to show an intention to turn into the Hillcrest Station. When 35 to 40 feet from the driveway, he started to cross the center line and continued to turn into the easternmost driveway of Hillcrest Service Station. Meanwhile, the tractor-trailer unit of Byers Transportation Company, Inc., driven by defendant Deem, was following the Southwest Freight Lines truck, traveling at least 300 feet to the rear, according to both Deem and Barnett.

Plaintiff Haley, driving a Dodge automobile, was traveling east on Highway 40 in the south lane of the highway. He came over the crest of the hill as the Southwest Freight unit was going onto the Hillcrest driveway. His car collided with the right rear dual wheels of the Southwest Freight trailer, shearing away the right front wheel, fender and grille of defendant Haley's automobile and doing some damage to the trailer. This impact, according to marks and debris, apparently occurred near the east edge of the easternmost driveway into Hillcrest. The Haley car then slid sideways on down the highway, apparently partly in the north lane and partly in the south lane of the highway. A collision occurred with the Byers tractor-trailer unit, the left front wheel of the Byers tractor colliding with the left side of the Haley car.

Plaintiff was badly injured and was a paraplegic as a result of the accident. He testified he had no memory of the occurrence. There was testimony as to the speed of the plaintiff's car and of the trucks as they came up the hill approaching the Hillcrest Service Station, as to marks and debris on the highway, as to the position of the vehicles after the collision, and as to stopping distances, but it is not necessary to detail these in view of the disposition we make of this appeal.

Plaintiff Haley originally brought suit against Southwest Freight Lines and Byers Transportation Company, Inc. After trial of that suit was commenced, a settlement was made with Southwest for $80,-000.00 and plaintiff dismissed her suit against Byers without prejudice. Subsequently, plaintiff filed a new suit against Byers Transportation Company, Inc., and Kenneth G. Deem, its driver, and this is the case in which the present appeal was taken. In this latter suit plaintiff sought to recover on both primary negligence (driving closer than 300 feet in violation of § 304.044, RSMo 1959, V.A.M.S., and a failure to slow) and on the humanitarian doctrine. Defendant Deem sought to recover on a counterclaim for personal injuries.

The measure of damage instruction tendered by plaintiff and given by the court as Instruction No. 9 was as follows:

"If you find in favor of the plaintiff on his petition, then you must award him such sum as you believe will fairly and justly compensate him for such damages as you believe plaintiff sustained in the past and is reasonably certain to sustain in the future as a direct result of the negligence, if any, of the defendants.

"In arriving at the amount of your verdict, you may take into consideration the following:

"First, the nature and extent of the bodily injuries:

"In this regard you may consider:

(a) The duration of the injuries;

(b) The physical pain and mental anguish suffered by plaintiff in the past and which plaintiff is reasonably certain to suffer in the future;

(c) Plaintiff's disability; and

"Second, the loss of earnings plaintiff has sustained in the past; and

"Third, the impairment of plaintiff's capacity to work and labor in the future, which plaintiff is reasonably certain to sustain.

"After you have determined such sum, you must deduct $80,000 which Southwest Freight Lines has paid plaintiff. In the event such payment is equal to or exceeds the amount of plaintiff's injuries and damage, then your verdict must be for defendants."

After the jury had deliberated for approximately five hours, it announced that it had reached a verdict. That verdict was as follows:

"We, the jury, find the issues in favor of the plaintiff and against the defendants on plaintiff's petition and do assess plaintiff's damages at the sum of zero dollars, and we further find the issues in favor of the plaintiff and against the defendant Deem on defendant Deem's counterclaim." This verdict was signed by nine jurors.

Following the reading of the verdict, the court asked the jury if this was their verdict, and they replied that it was. Plaintiff's counsel then advised the court that in his opinion this was "not a legal verdict," and the court, over the objections of defendants, sent the jury back to reconsider its verdict, with this admonition:

"Ladies and gentlemen, a question has been raised here, and I think properly, that you should read Instruction No. 9 again in regard to your verdict as to the form of the verdict, so I suggest you go back and consider the Instruction No. 9 in regard to this case, and all of the instructions, of course, you are to consider. I must send you back, I'm sorry."

After the jury had deliberated for an additional period, the jury again advised it had reached a verdict, which was as follows:

"We, the jury, find the issues in favor of the plaintiff and against the defendants on plaintiff's petition and do assess plaintiff's damages at the sum of $20,000.00, and we further find the issues in favor of the plaintiff and against the defendant Deem on defendant Deem's counterclaim." This verdict was signed by the nine jurors who had signed the first verdict, plus one additional juror.

Judgment for $20,000.00 in favor of plaintiff was entered on this second verdict.

Defendants did not file motions for a new trial. They filed a joint motion asking the court to set aside its judgment and enter judgment in accordance with the first jury verdict which was for zero damages or, in the alternative, to enter judgment in accordance with defendants' motions for directed verdict.

What, then, of the verdict first returned by the jury wherein it found the issues in favor of plaintiff and assessed his damages at zero dollars?

It is clear that in a suit for damages for personal injuries the jury is to render a general verdict, and where the verdict is for the plaintiff, the jury is to assess the amount of the recovery. Rules 71.02 and 71.06, V.A.M.R., and §§ 510.230 and 510.270, RSMo 1959, V.A.M.S. It also is well established that in such a case if the jury returns a verdict which is not a general verdict, or which finds for plaintiff but fails to assess the amount of recovery, or which is necessarily defective in some particular, the trial court may refuse to accept the verdict and may direct the jury to retire and correct its verdict or find a new one. Thorne v. Thorne, Mo., 350 S.W.2d 754, 757, and cases therein collected and cited. At the same time, the courts will construe a verdict liberally to ascertain the jury's intent, even if inartfully expressed. Thorne v. Thorne, supra. If such intention is ascertainable, and the verdict includes findings on the issues required, it is a proper verdict and judgment should be entered thereon. Under such circumstances it would be error for the trial court to refuse to accept the verdict.

It is the position of respondent that the verdict finding the issues for plaintiff and assessing his damages at zero dollars is in-

consistent and self-contradictory. The recent decision of the Springfield, Court of Appeals in the case of Boone v. Richardson, Mo.App., 388 S.W.2d 68, is cited in support of that position. In that case the plaintiff sought recovery for personal injuries. The jury's verdict found the issues for plaintiff and assessed her damages "at the sum of $ 0." The Court of Appeals held this verdict inconsistent and self-contradictory and remanded the case for a new trial. There are two lines of authority in cases such as the Boone case wherein recovery for an unliquidated amount is sought. The Federal Courts and some state jurisdictions treat such a verdict as in effect a verdict for the defendant and enter judgment accordingly. Association of Western Railways v. Riss and Co., 112 U.S. App.D:C. 49, 299 F.2d 133; Royal Indemnity Co. v. Island Lake Township, 177 Minn. 408, 225 N.W. 291. Others reach the same result as that in the case of Boone v. Richardson, supra. This court has never ruled on that precise question and is not called upon to do so in this case, for the factual situations are not the same. In the Boone case there had been no payment of any kind to plaintiff by any actual or prospective defendant which would apply against whatever damages were suffered. If plaintiff was injured as a result of defendant's negligence she was entitled to recover therefor from defendant if, as the jury seemed to find, defendant was guilty of such negligence. If plaintiff was not injured then one of the three essential elements was missing and there was no actionable negligence and there should have been a verdict for defendant. Schaefer v. Accardi, Mo., 315 S.W.2d 230 [6]; Biscoe v. Kowalski, Mo., 290 S.W.2d 133 [5]. Under such circumstances the Court of Appeals stated that it could not resolve the verdict as a definite finding for either party and that the case should be retried.

 In this case the plaintiff already had been paid the sum of $80,000.00 by Southwest Freight Lines. A plaintiff is entitled to only -one satisfaction for injuries received and accordingly the jury was instructed to credit against or deduct from plaintiff's total damages as determined by them the sum of $80,000.00. Plaintiff, therefore, was entitled to a verdict in such amount as his total damages exceeded the sum of $80,000.00.

 The first verdict returned recited that the jury found the issues for plaintiff and against both defendants. This indicated that the jury found that defendants Byers and Deem were guilty of negligence and that such negligence directly caused or contributed with conduct of Southwest Freight Lines to cause injury to plaintiff. It may be noted that in the same verdict the jury found the issues for plaintiff and against defendant Deem on his counterclaim, further evidencing the fact that the jury considered and decided the issue of actionable negligence. Having made this factual determination, it then became the duty of the jury to assess plaintiff's damages. Unlike the Boone case, however, the jury was not told to fix those damages as the total injuries found to have been caused by these defendants. Instead, they were instructed to determine the total amount of plaintiff's damages and then deduct the sum of $80,-000.00. In their verdict the jury wrote that they assessed plaintiff's damages recoverable in this suit at zero dollars. Does that make the verdict inconsistent and self-contradictory? We do not think so. If we are to conclude that the verdict is inconsistent, we must assume that the jury failed to perform its task of considering and determining the amount of damages recoverable against defendants herein. We must ignore the possibility that the jury concluded that these defendants were negligent, that their negligence caused or contributed with conduct of Southwest Freight Lines to cause injury to plaintiff, and that plaintiff's total

damages therefrom amounted to $80,000.00 or less. To assume or conclude under these circumstances that the jury failed to perform its duty and failed to make the necessary finding of fact as to damages is not justified. It is just as logical to assume that they did consider the extent of plaintiff's injuries and damages and concluded that the amount did not exceed the sum already paid. When we construe the verdict liberally in order to ascertain the jury's intent, as we are required to do, we must conclude that the jury performed its function and passed on the issue of damages. There is no inconsistency which dictates otherwise.

█ It is true that the jury did not do as instructed in the last sentence and, having found that the amount already paid either equalled or exceeded the amount of plaintiff's damages, did not convert that to a verdict for the defendants. That is not sufficient to make the verdict bad. The jury made the necessary factual determinations with respect to actionable negligence and amount of damages. There were no other factual issues to determine. If the net effect of these findings was that a judgment should be entered in favor of defendants, that was a matter of law. The failure of the jury to so recite in its verdict was not such a deficiency as to vitiate the verdict or make it inconsistent. That can be cared for in the entry of judgment on the verdict.

The judgment on plaintiff's petition is reversed and the cause remanded with directions to enter judgment for defendants on plaintiff's petition in accordance with this opinion.

All of the Judges concur.

On Motion for Rehearing

PER CURIAM.

██ On motion for rehearing plaintiff complains that the opinion of the court overlooked the assessment of court costs. In the interest of clarity we do so herein, even though the entry of judgment for defendants on plaintiff's petition which was directed necessarily implied that defendants should have their costs thereon. Such a result is dictated by § 514.110, RSMo 1959, V.A.M.S., which provides that "if the plaintiff recover any damages he shall recover his costs." It follows that plaintiff shall not recover costs when judgment goes against him and he recovers nothing. Plaintiff suggests the possibility of entry of judgment in favor of plaintiff for zero dollars. Presumably this is for the purpose of taxing court costs in favor of plaintiff. Under the statute plaintiff, not having recovered any damages, cannot have his costs. As the opinion indicates, the jury finding herein amounted to a verdict for the defendant and that is the judgment to be entered.

█ Defendant Deem asserted a counterclaim and the jury found in favor of plaintiff and against Deem thereon. Costs in connection therewith are to be assessed against defendant Deem.

The trial court can allocate the costs in accordance with this opinion.

Our original opinion is modified as herein set out. The plaintiff's motion for a rehearing or to transfer to the court en banc is overruled.