Ovida O. PITCHER, Plaintiff,

v.

T. E. ROGERS, Defendant.

No. DC657.

United States District Court
N. D. Mississippi,
Delta Division.

Sept. 30, 1966.

Vincent J. Brocato, Shed H. Roberson, Clarksdale, Miss., for plaintiff.

Holcomb, Curtis & Connell, Clarksdale, Miss., for defendant.

## MEMORANDUM OPINION

CLAYTON, Chief Judge.

This personal injury damage suit was tried by a jury, and judgment for defendant was entered on a verdict in his favor. plaintiff's timely filed motion to set aside the verdict upon which the judgment was based and to reinstate an earlier verdict, which the court could not accept, and to order a new trial on the question of damages alone, or, alternatively, to order a new trial on all issues is before the court on briefs of the parties.

To put this motion in proper perspective, it is proper to state the essence of the evidence on the question of liability which was before the jury for its consideration during its deliberations. Plaintiff was riding in an automobile driven by her husband, which collided with a pick-up truck owned and operated by defendant. The collision occurred in the business section of a small municipality on U. S. Highway No. 78, which is also a principal street. The vehicles were traveling in opposite directions, when defendant undertook to make a left turn and enter an intersecting road or drive. In doing so, he turned at about a 70 or 75 degree angle to his left and did not reach the center line of the road or drive which he proposed to enter before turning to his left. The impact occurred between the right front portion of the vehicle in which plaintiff was riding, and the extreme right rear of de-

fendant's pick-up truck. The point at which the vehicles collided was in the lane which was proper to be traveled by the vehicle in which plaintiff was riding and near the right edge of the highway. The speed at which plaintiff's husband was driving was in sharp dispute, as was the distance his vehicle was from the intersecting road or drive, when defendant commenced his turn. If defendant's evidence was believed, the automobile was a safe distance away when the turn began, but was traveling at a negligently high rate of speed. If plaintiff's evidence was believed by the jury, the automobile was close enough to constitute an immediate hazard and was traveling at a slow and lawful speed when defendant began his turn.

There were no special requests for instructions for plaintiff which were refused. There were no exceptions to instructions to the jury as given taken by plaintiff. In fact, in response to the court's inquiry, plaintiff's counsel stated that there were no such exceptions.

■ From the aforementioned brief statement with respect to the evidence on liability, it is apparent that even though defendant may have violated the provisions of § 8189(b), Mississippi Code of 1942 (Recompiled) [1] in attempting this turn, the jury could have found that this had no causal connection with the collision or they could have found that plaintiff's husband was guilty of all of the negligence which caused the collision.

Initially the jury attempted to return a verdict for the plaintiff, assessing her damages at nothing. The court declined to accept this verdict, but sent the jury back with additional instructions to the effect that if the verdict was for the plaintiff, then damages must be assessed in accordance with the previous instructions given. Afterward the jury returned a verdict for the defendant, which was accepted and upon which judgment for defendant was entered.

The thrust of plaintiff's principal argument is that the original verdict was a finding for plaintiff on liability and that this verdict should be reinstated and a new trial on the question of damages only ordered. But plaintiff misconceives the effect of such a verdict, which, even if the court had accepted it, would have been in reality a verdict for defendant. The only difference between the first verdict and the second verdict is that costs were awarded against the plaintiff when the second verdict was accepted and costs would have been awarded against defendant had the first verdict been accepted.

■ If the first verdict had been accepted by the court when tendered, it would have been a good verdict as to liability and *also as to damages*. Wingerter v. Maryland Casualty Company, 313 F.2d 754 (5th Cir. 1963).

In *Wingerter,* there was an appeal by plaintiff from a judgment in her favor which awarded damages in the amount of "none" and from the trial court's refusal to award a new trial. The Court of Appeals affirmed, and in dealing with the question as to the validity of the verdict and the judgment entered thereon, inter alia, said:

> * * * Although the state decisions are in conflict on this point, see annotations found in 116 A.L.R. page 834, 49 A.L.R.2d pages 1331 and 1334, *the federal rule is that such a verdict is not invalid or ambiguous and does not necessitate a new trial.* (Emphasis added.)

In *Wingerter,* with other authorities, the court cited Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 475, 53 S.Ct. 252, 255, 77 L.Ed. 439 (1933), in which a verdict for plaintiff awarded only one dollar, and judgment was rendered thereon with costs. The case was reversed by the Court of Appeals, but certiorari was granted and the case was

---

1. § 8189. *Turning at intersection.*
   (b) Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line there-

of and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered.

reversed by the Supreme Court. A part of what was said by Mr. Justice Brandeis in the court's opinion was as follows:

> To regard the verdict as inconsistent on its face is to assume that the jury found for the plaintiff and failed to perform its task of assessing damages. The trial judge was not obliged so to regard the verdict. * * * The evidence was voluminous; and, on some issues at least, conflicting. The instructions left the contested issues of liability to the jury. The verdict may have represented a finding for the defendant on those issues; the reason for the award of nominal damages may have been that the jury wished the costs to be taxed against the defendant. * * *

Relying on *Wingerter* and the authorities therein cited, this court must say that should it reinstate the original verdict which the jury attempted to return, it would be compelled to reinstate it for all purposes, i. e., on liability and *damages* also. But, this court will not literally read plaintiff's motion in that regard. Plaintiff's motion to reinstate the first verdict will be denied and overruled.

■■ Turning now to the alternative motion for a new trial on all issues, it is the court's duty to weigh and assess all of the evidence which went to the jury. It is not necessary to repeat what has already been said about the evidence as to liability. It is apparent that there were issues of fact with respect to this question which were for disposition by the jury, and whichever way either of the verdicts is regarded, it is clear that the jury did not find any justification for an award of any damages to plaintiff. It must be said that they easily could have decided that plaintiff's husband was guilty of all, or substantially all, of the negligence which proximately caused the collision. This on the evidence before them, they properly could have decided. Such a finding would account for the form of the first verdict which the jury tried to return. Additionally, it goes without saying that the jury had a right to disregard the testimony of any witness which they did not believe and the court must say that there was little evidence of substantial weight and credibility that plaintiff had in fact sustained damages of any consequence in this collision.

■ In these rather unusual circumstances, it cannot be said with certainty that the jury's verdict finds no substantial support in the record or that it should be set aside and a new trial ordered on either the issue of liability or the question of damages.

Plaintiff's motion is not considered well taken and it will be denied and overruled.