David L. JOSEPH, Plaintiff-Appellant-Cross Appellee,

v.

James H. ROWLEN, Defendant-Appellee-Cross Appellant.

Nos. 17669, 18105.

United States Court of Appeals, Seventh Circuit.

May 1, 1970.

Milton K. Joseph, Chicago, Ill., John A. Lambright, Danville, Ill., for plaintiff-appellant-cross appellee.

Harold A. Baker, Hatch, Corazza, Baker & Jensen, Champaign, Ill., for defendant-appellee-cross appellant.

Before HASTINGS and CASTLE, Senior Circuit Judges, and CAMPBELL, District Judge.

CAMPBELL,* District Judge.

This case is before this court for the second time. This action is brought by plaintiff under the Federal Civil Rights Act (42 U.S.C. § 1983) and charges defendant, a city police officer, with the deprivation of plaintiff's constitutional rights while acting under color of state law, by reason of the false arrest and detention of plaintiff.

At the first trial the district court directed a verdict in favor of defendant at the close of plaintiff's case. On appeal, this court reversed, finding that "plaintiff made out a case that Rowlen, acting under color of state law deprived him of his liberty without due process of law." Joseph v. Rowlen, 402 F.2d 367 (1968).

At the second trial, the jury returned a verdict which reads as follows:

"We the jury find in favor of the plaintiff, David L. Joseph, and against the defendant, James H. Rowlen and assess damages in the amount of $00.-00."

Upon said verdict the district court entered judgment as follows:

"It is ordered and adjudged that the plaintiff, David L. Joseph, recover damages from the defendant, James H. Rowlen, in the sum of "0" Dollars, together with costs."

In a post trial motion, plaintiff moved for a new trial on the issue of damages. The motion for a new trial was denied and this appeal was taken.

Plaintiff is a salesman of household utensils. On the date of the arrest and detention (September 5, 1963) he was talking to passers-by on a street corner in Champaign, Illinois. Defendant Rowlen was a city police officer. Officer Rowlen had received a complaint about Joseph's conduct and, upon preliminary inquiry, Joseph would give only his name and refused to answer any other questions. On the direction of his superiors, Rowlen arrested Joseph and charged him with soliciting.

Plaintiff testified that he was locked in a cell for perhaps an hour-and-a-half when a bondsman arrived and made his bond. The case was later dismissed by the city. Plaintiff further testified that he was not spoken to roughly and there was no intimidation or threat of force used; that he was permitted to make phone calls; and that he was admitted promptly to bail. There was a newspaper account published of plaintiff's arrest. Plaintiff showed no direct or special damages, although he did allege that one sales prospect cancelled an appointment because she read the news item. This allegation was contested by defendant.

On this appeal plaintiff argues that when a violation of civil rights is charged and liability on these allegations established, damages are established as a matter of law, and any verdict that does not award at least nominal damages cannot stand.

The jury's action in returning a verdict for "0" damages is not without precedent. See cases at 116 A.L.R. 828, supplemented at 49 A.L.R.2d 1328 and A.L.R.2d, later case service. The leading federal decision on the question is Wingerter v. Maryland Casualty Company, 313 F.2d 754 (5th Cir., 1963). In that case an elderly woman fell from a wheelchair in which she had been placed and left unattended by hospital personnel. She died two weeks later. Plaintiff, the daughter of the deceased, alleged that her mother suffered injuries from the fall and that the fall contributed to her death. Other evidence in the case would support a conclusion that the fall did not contribute to her death or cause her any harm whatsoever. The jury returned a verdict for plaintiff and against defendants and assessed the amount of damages as: "None". In af-

* Judge Campbell of the United States District Court for the Northern District of Illinois is sitting by designation.

firming the judgment, the Fifth Circuit Court of Appeals stated (at 756):

"The chief and remaining question is whether the court erred in entering a judgment for the plaintiff in the amount of "0" dollars. Although the state decisions are in conflict on this point, see annotations found in 116 A.L.R. page 834, 49 A.L.R.2d pages 1331 and 1334, the federal rule is that such a verdict is not invalid or ambiguous and does not necessitate a new trial."

Subsequent federal cases have expressed agreement with *Wingerter.* See Wright v. Hoover, 329 F.2d 72, 76 (8th Cir., 1964); Pitcher v. Rogers, 259 F. Supp. 412, 413 (N.D.Miss., 1966); and Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35, 47 (E.D.Pa.1969).

As in *Wingerter* the verdict at issue here, (finding for plaintiff, but assessing no damages) appears totally consistent with the evidence. In effect, the jury found that plaintiff experienced a technical violation of his rights, but suffered no damages. The only other reasonable construction that could be given the verdict is that it was intended to be a finding for defendant. See Association of Western Railways v. Riss & Company, 112 U.S.App.D.C. 49, 299 F.2d 133 (1962); Chapin v. Foege, 296 Ill. App. 96, 15 N.E.2d 943 (1938).

■ We also observe from the trial court record that at the time the verdict was returned neither party requested any clarification of the verdict or objected to the verdict as invalid or ambiguous. Both parties also declined the court's offer to poll the jury. The proper time to object to a verdict which may appear ambiguous or somehow deficient is at the time it is returned and before the jury is discharged. See Northern Pacific Railroad Company v. Urlin, 158 U.S. 271, 15 S.Ct. 840, 39 L.Ed. 977 (1895), and authorities discussed in Fischer v. Howard, 201 Or. 426, 271 P. 2d 1059, 49 A.L.R.2d 1301 (1954).

Plaintiff seeks to distinguish the cases upholding verdicts of "no damages"

on the basis that those cases are personal injury cases and anti-trust cases where proof of damage is an element of the cause of action, while this case concerns civil rights which must, *per se,* result in damages. In support of this argument he cites the following from Whirl v. Kern, 407 F.2d 781, 798 (5th Cir., 1968):

"Traditionally the fact of an illegal restraint creates the right to recover at least nominal damages. Fouraker v. Kidd Springs Boating and Fishing Club, Tex.Civ.App.1933, 68 S.W.2d 796 (no writ). Perhaps in some circumstances that is all a man's freedom is worth, but though the price tag be a bargain, freedom is never valueless. A jury finding that a man's freedom is worthless is clearly erroneous."

We hasten to point out, however, that in the *Whirl* case, the plaintiff "languished in jail for almost nine months after all charges against him were dismissed" (407 F.2d at 785). Furthermore, the jury in *Whirl* found for the defendant. That case did not involve a finding of "0" damages as presented here. Had the jury in that case returned a verdict for plaintiff and against defendant and assessed "no" damages, the court would still have set that verdict aside as contrary to the manifest weight of the evidence. In this case, however, as we have noted, the verdict was entirely consistent with the evidence.

If the jury had returned a verdict for nominal damages there could be no dispute as to its validity. In Wingerter v. Maryland Casualty Company, *supra,* the court there cited, as an analogous situation, the Supreme Court decision in Fairmount Glass Works v. Cub Fork Coal Company, 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439 (1933), wherein plaintiff obtained a verdict for $1.00. In upholding the verdict, the court, speaking through Mr. Justice Brandeis, stated (at 484–485, 53 S.Ct. 255):

"To regard the verdict as inconsistent on its face is to assume that the jury

found for the plaintiff and failed to perform its task of assessing damages. The trial judge was not obliged so to regard the verdict. The defendant had insisted upon several defenses and had set up a counterclaim. The plaintiffs were not entitled to a directed verdict. The evidence was voluminous; and, on some issues at least, conflicting. The instructions left the contested issues of liability to the jury. The verdict may have represented a finding for the defendant on those issues; the reason for the award of nominal damages may have been that the jury wished the costs to be taxed against the defendant. The defendant did not complain of the verdict. The record before us does not contain any explanation by the trial court of the refusal to grant a new trial, or any interpretation by it of the jury's verdict. In the absence of such expressions by the trial court in the case at bar, the refusal to grant a new trial cannot be held erroneous as a matter of law. Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising the jury's conduct."

In Eulo v. Deval Aerodynamics Inc., *supra*, a libel action, the court refused to set aside a verdict of 6¢. Plaintiff in effect argues that whereas a verdict of $1.00 or 6¢ would stand, this verdict of "0" must fall as a matter of law. We believe any distinction between an award of 6¢ and "0" damages is more of form than substance.

Further, we see no real distinction between damage principles in civil rights cases and those in tort or other cases. The liability imposed under the Civil Rights Act must be read against the background and general principles of tort liability. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Against that background, the verdict and judgment entered herein should not be disturbed.

In view of our determination herein, it is unnecessary to decide the issues presented in defendant's cross-appeal relating to the admissibility of certain evidence and the propriety of the court's ruling refusing certain instructions offered by defendant.

The judgment of the district court is affirmed.

HASTINGS, Senior Circuit Judge (concurring).

I concur in the result reached by the majority in this case.