139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dan SMITH, Plaintiff-Appellee, Cross-Appellant,
v.
INGERSOLL-RAND COMPANY, Defendant-Appellant, Cross-Appellee.
 No. 96-35072, 96-35121, 96-35523, 96-35968.
D.C. No. CV-88-00497-JKS.
 United States Court of Appeals, Ninth Circuit.
 Argued Nov. 4, 1997; Submitted Jan. 23, 1998.
Decided Feb. 25, 1998.
As Amended April 14, 1998.
 
 1
 Appeal from the United States District Court for the District of Alaska James K. Singleton, Chief Judge, Presiding.
 
 
 2
 Before FLETCHER and O'SCANNLAIN, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 3
 MEMORANDUM*
 
 BACKGROUND
 
 4
 Dan Smith ("Smith"), a resident of Alaska, sued Ingersoll-Rand Company ("I-R") in the Alaska Superior Court for personal injuries sustained from an allegedly defective compressor door. I-R removed the case to the District Court of Alaska pursuant to 28 U.S.C. §§ 1332, 1441.
 
 
 5
 The first trial on all issues ended in a hung jury. The second trial was bifurcated. At the end of the liability phase the jury returned a verdict finding that Smith had been hit by the compressor door and that the door was defective, but the jury hung on the question whether the defect was a legal cause of Smith's harm. The court discharged the jury and granted Smith's motion for judgment as a matter of law on liability (including causation).
 
 
 6
 The case went to trial for a third time on the damages issues. The jury attributed 40% of fault for Smith's injuries to Smith and awarded him $167,000 for past economic loss, $167,000 for past pain and suffering, $334,000 for future economic loss, and nothing for future noneconomic loss. The district court entered judgment in favor of Smith and denied I-R's motion for a new trial on all liability issues. I-R appeals the denial of its new trial motions and the grant of Smith's motion for judgment as a matter of law, seeking a remand for a limited trial by jury on the issue of causation. Smith cross-appeals the denial of his motion for a new trial on damages for future pain and suffering, the jury instruction on contributory negligence, and the application of Alaska law to the calculation of pre-judgment interest.
 
 
 7
 We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 FACTS
 
 8
 On August 12, 1987, Dan Smith was injured while attempting to start the diesel engine of an I-R portable compressor located on an oil field production pad. Smith testified that he did not remember how he opened the compressor door, how he placed the door at rest,[1] or how he started the engine. All Smith remembered was that he opened the door, started the engine and the "next thing [he] knew, [he] was picking the doors up off the top of [his] head." There were no witnesses to the accident, but Smith's supervisor testified that Smith was not wearing a hard hat the day the accident occurred.
 
 
 9
 Eleven days after the accident, Smith suffered a seizure; he had no prior history of seizures. In addition to a continuing epileptic seizure disorder, he suffered from fatigue and poor memory. Because his seizures were not well controlled with medication, he was forced to resign from his job. He remains unemployed and continues to suffer from his seizure disorder and related mental disorders.
 
 DISCUSSION
 
 10
 1. Grant of Judgment as a Matter of Law on Liability (Causation) and Denial of New Trial on All Liability Issues
 
 
 11
 Judgment as a matter of law is appropriate only when the evidence, viewed in the light most favorable to the nonmoving party, could not reasonably support the verdict. Omega Envtl., Inc. v. Gilbarco, Inc., 127 F.3d 1157, 1161 (9th Cir.1997).[2] We review de novo the grant of judgment as a matter of law. Id.
 
 
 12
 The issue raised by I-R's appeal is whether, on the evidence presented, a reasonable jury, after having found that Smith was hit by the door and the door was defective, could have failed to find that the door was the proximate cause of his injuries. We find, contrary to the district court, that it could.
 
 
 13
 Both sides presented evidence regarding how and why the compressor door fell. According to Smith's theory of how the accident occurred, the door was positioned either fully open or up and folded; either wind or vibration, or a combination of the two, caused the compressor door to fall on his head; the door should have been secured in place by a latch, the absence of a latch or a warning about its absence constituted a defect; and this defect caused the door to fall on his head. To support his theory, Smith testified that he never placed the door in the wedge position and his coworkers testified that they had never seen the door in the wedge position. An expert witness testified that the door could not have been in a wedge position when it hit Smith because of the relative heights of Smith and the machine. Smith also testified that he would have used the latch had it been available, and that at the time of the accident the engine had been "running rough" and was vibrating.
 
 
 14
 To support its theory that the door fell because it was incorrectly wedged open, I-R presented evidence that an expert had seen and photographed the very same compressor with its doors in the wedge position, and that neither wind nor vibration or a combination of the two could have dislodged a properly-positioned door because there was only a slight breeze on the day of the accident and the machine was incapable of producing the level of extreme vibration needed to dislodge the door.
 
 
 15
 Although the district court could have believed that the absence of a latch or warning caused the accident, the court may not substitute its own judgment for that of the jury. Airweld, Inc. v. Airco, Inc., 742 F.2d 1184, 1188 (9th Cir.1984). Proximate cause is a question of fact for the jury and becomes a matter of law "only where reasonable minds could not differ." Dura Corp. v. Harned, 703 P.2d 396, 406 (Alaska 1985) (citing Sharp v. Fairbanks North Star Borough, 569 P.2d 178, 183-84 (Alaska 1977)). Here, reasonable minds could differ: the evidence permitted a jury to find either that the defect caused the accident or that Smith's misplacement of the door was the cause of the accident. Because the evidence does not compel a verdict for Smith, the district court erred in granting Smith's motion for judgment as a matter of law and in failing to grant I-R's motion for a new trial on the issue of liability.
 
 2. Other Issues
 
 16
 Because we are reversing the grant of Smith's motion for judgment and ordering a new trial, it is not necessary to this disposition for us to decide the remaining issues on appeal. We add these observations because they may assist the district court on remand.
 
 
 17
 With respect to prejudgment interest, we agree with the district court's application of Alaska's prejudgment interest rate, specified in Alaska Stat. § 45.45.010(a), rather than the federal rate, specified in 28 U.S.C. § 1961. We have held on numerous occasions that in diversity actions, state law determines the rate of prejudgment interest. See, e.g., AT & T Co. v. United Computer Sys., 98 F.3d 1206, 1209 (9th Cir.1996); Home Indemnity Co. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1332 (9th Cir.1995); Northrop Corp. v. Triad Int'l Mktg., S.A., 842 F.2d 1154, 1155 (9th Cir.1988) (per curiam). The amendment of § 1961, on which I-R relies, applies only to post-judgment interest.
 
 
 18
 With respect to Smith's contention that the jury's failure to award future noneconomic damages renders its verdict inconsistent, we note that federal courts have consistently held that failure to award damages does not by itself render a verdict inconsistent. Philippine Nat'l Oil Co. v. Garrett Corp., 724 F.2d 803, 806 (9th Cir.1984) (diversity); Spears v. Hough, 458 F.2d 529, 531 (8th Cir.1972) (diversity); Joseph v. Rowlen, 425 F.2d 1010 (7th Cir.1970) (federal question); Wingerter v. Maryland Cas., Co., 313 F.2d 754 (5th Cir.1963) (diversity). Under Alaskan law, the failure to award any damages renders a jury verdict inconsistent only if there is no plausible theory to reconcile the jury's answers on the verdict form. Compare Bullard v. B.P. Alaska, 650 P.2d 402, 405 (Alaska 1982) ("a jury award which fails to include a sum for [] items of general damages is inadequate or inconsistent when the evidence supporting them is beyond legitimate controversy"); Yang v. Yoo, 812 P.2d 210, 216 (Alaska 1991) (jury verdict which awarded foreclosure but zero damages was not inconsistent). Here, the jury's answers could be reconciled on the basis of evidence that Smith was able to do most of the things he had done historically and was not suffering significant discomfort. This would justify awarding no significant damages for future pain and suffering even as the jury found that Smith's inability to pursue his occupation justified an award for future economic damages.
 
 
 19
 With respect to the question whether the court properly permitted the jury to consider Smith's comparative fault in awarding damages, a novel issue of Alaska law is raised. Under Alaska law prior to the adoption of the 1986 Tort Reform Act, a products manufacturer was permitted to raise a comparative negligence defense only upon proof that the plaintiff "knowingly, voluntarily and unreasonably" encountered a known risk. See Dura Corp., 703 P.2d at 404 (when a claimed design defect consisted of the lack of a safety device, a court may instruct on comparative negligence only if the plaintiff (1) knowingly uses a defective product and (2) voluntarily and unreasonably encounters a known risk).
 
 
 20
 The 1986 Tort Reform Act, in part, codified the Alaska Supreme Court's adoption of comparative negligence in Kaatz v. State, 540 P.2d 1037 (Alaska 1975). Section 09.17.060 of Alaska Statutes states:
 
 
 21
 In an action based on fault seeking to recover damages for injury or death to a person or harm to property, contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for the injury attributable to the claimant's contributory fault, but does not bar recovery.
 
 
 22
 Section 09.17.080 instructs the judiciary to apply that section "[i]n all actions involving fault of more than one party to the action...."[3] Section 09.17.900 defines fault as
 
 
 23
 acts or omissions that are in any measure negligent or reckless toward the person or property of the actor or others, or that subject a person to strict tort liability. The term also includes breach of warranty, unreasonable assumption of risk not constituting an enforceable express consent, misuse of a product for which the defendant otherwise would be liable, and unreasonable failure to avoid an injury or to mitigate damages.[4]
 
 
 24
 Fault is defined as "acts or omissions that are in any measure negligent." Alaska Stat. § 09.17.900. Whether this definition includes negligent acts by a claimant who did not knowingly, voluntarily and unreasonably encounter a known risk is an as yet unresolved question. Should the proceedings on remand reach that issue, because of its importance to Alaska law, the district court may decide to certify it to the Alaska Supreme Court pursuant to Rule 407 of Alaska Court Rules ("The supreme court may answer questions of law certified to it by ... a United States district court ... if there are involved ... questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent.").
 
 CONCLUSION
 
 25
 The district court erred in granting Smith's motion for judgment as a matter of law on liability because a reasonable jury could have found that the door's defect was not the proximate cause of Smith's injuries. We REVERSE and REMAND the case for a new trial on the issue of causation.
 
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The compressor door could be placed in three positions: the fully open position, the up and folded position, and the wedge position. I-R argues that while the first two positions safely hold the door open by using gravitational forces, the third position does not adequately support the weight of the door
 Smith agrees that the third position is unsafe, as evidenced by his testimony at trial: "anybody with any kind of common sense would know" that placing the door in the wedge position would be "stupid."
 
 
 [2]
 Smith incorrectly asserts that, in the alternative, the district court's ruling may be upheld under Fed.R.Civ.P. 49(a). Rule 49(a) allows the court to decide only factual issues not submitted to the jury in special verdicts. However, question 3 on the verdict form specifically asked the jury to decide the causation issue
 
 
 [3]
 The statute was amended August 7, 1997, to make minor textual changes not significant to the decision of this case
 
 
 [4]
 The statute was also amended August 7, 1997, to insert "or intentional" in the first sentence and to make minor textual changes not significant to the decision of this case