**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued October 25, 2012
Decided March 13, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 11-3771

| | |
|---|---|
| JERMAINE WALKER, <br> *Plaintiff-Appellant*, <br>    *v.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| CITY OF CHICAGO, a municipal corporation, et al., <br> *Defendants-Appellees*. | No. 09 C 05132 <br><br> Gary S. Feinerman, *Judge*. |

**O R D E R**

In November 2008, Jermaine Walker met up with several of his friends at a gas station on Chicago's South Side. Walker had driven his car to the station and parked it there, and while he was seated in his vehicle waiting for his friends to get gas, he observed the defendants—Officers S. E. Coleman and P. R. Josephs—approach one of his friends, Demetrius Morris, and arrest him. Morris was placed in the back of his own car and Officer Coleman drove that car to the police station. Officer Joseph followed in his squad car.

Several of Morris's friends followed Josephs's squad car to the police station, and Walker likewise followed the squad car in his vehicle. After arriving at the station, Walker parked his car on the street near the station and exited his vehicle, and others in his party exited their vehicles as well. Officers Coleman and Josephs then arrested Walker and his companions. Officer Coleman cited Walker for three traffic violations (for having a loud radio, for obstructing traffic, and for not wearing a seatbelt), and Officer Josephs charged Walker with obstructing a police officer.

Walker was taken into custody, along with his friends. He was handcuffed and brought into the station where he complained that the handcuffs were too tight. Walker was then transferred to a holding room along with his friends where his cuffs were removed. While in the holding room, Walker joked among his friends. Walker claimed that they were joking about the fact that Walker would never want to hang out with them again, though after his release Walker stated that they were joking about the situation in which they found themselves. Ultimately, Walker spent approximately 12 hours in custody, and shortly after his release, he appeared in court, where all charges against him were immediately dropped.

After his release and court appearance, Walker claimed that he continued to be "very upset" about his arrest. He claimed to be angry that he was forced to spend 12 hours sitting in jail and then had to go to court, and that afterwards he felt nervous around police and afraid that he might be incarcerated again. However, he did not seek any psychiatric help or counseling. Ultimately, in August 2009 Walker brought a false arrest suit against Officers Coleman and Josephs and the City of Chicago. He sought over $25,000 in compensatory damages and $10,000 in punitive damages. After a trial, the jury returned a verdict for Walker but awarded him no damages. Walker moved for a new trial on damages, arguing that he was entitled to compensatory damages as a matter of law. The district court denied Walker's motion, and then Walker moved the district court to alter the judgment to include an award of compensatory damages, or at least nominal damages. The district court granted in part and denied in part the motion, and awarded Walker $1 in nominal damages. Walker also moved the court for an award of attorneys' fees and submitted a bill of costs pursuant to Fed. R. Civ. P. 54(d), but the district court denied that motion. Walker now appeals, challenging both the district court's refusal to grant him a new trial and its refusal to grant him costs and attorneys' fees.

We review a district court's denial of a motion for a new trial for abuse of discretion, and will reverse the district court only if "the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *Emmel v. Coca-Cola Bottling. Co.*, 95 F.3d 627, 636 (7th Cir. 1996). Because the district court is in a "unique position to rule on a new trial motion" given that it observed the course of the trial, our review is "narrowly circumscribed." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 424

(7th Cir. 2000).  We uphold a jury's verdict as long as there exists in the record a reasonable basis to uphold it. *Pickett v. Sheridan Health Care Center*, 610 F.3d 434, 440 (7th Cir. 2010).

Walker argues that the jury's verdict on damages is against the weight of the evidence and that he did suffer actual damages from his false arrest, but the jury's verdict of zero compensatory damages is well supported by the record and not at all against the manifest weight of the evidence presented at trial. For example, during his trial Walker claimed that he was "very upset" by his arrest and subsequent 12-hour detention and the fact that he had to appear in court (where all charges were dropped), but we have held that "when the injured party's own testimony is the only proof of emotional distress, he must explain the circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements." *Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003). Walker fails to satisfy this burden. Testimony at trial showed that during his detention with his friends, he was joking and laughing with them, which the jury could view as contradicting his assertion that he was "very upset." Such testimony would allow a reasonable jury to find (as it did here) that Walker suffered no emotional distress from his arrest and detention, unlawful though it was. Also, Walker's testimony that his handcuffs were too tight was submitted without physical documentation that he suffered any actual harm from this, and the jury was free to reject his testimony. In light of the evidence presented at trial, a reasonably jury could conclude that Walker did not suffer any actual damages from his false arrest. Thus, the jury's verdict was not "contrary to the manifest weight of the evidence" presented at trial. *Cefalu*, 211 F.3d at 424.

Since Walker cannot satisfy his burden to justify overturning a jury verdict, we now consider Walker's assertion—which is the main thrust of his challenge on appeal—that we should overturn *Joseph v. Rowlen*, 425 F.2d 1010 (7th Cir. 1970), and rule that he is entitled to compensatory damages as a matter of law.  In *Rowlen*, we upheld a jury verdict of zero damages in a false arrest case where the plaintiff had been wrongfully detained for approximately 90 minutes. *Id.* at 1010. But Walker offers no compelling reason for overturning *Joseph*, and we decline to do so. *Joseph* accords with our long-held rule that compensatory damages are not presumed but "must be proved in order to be recovered." *Ustrak v. Fairman*, 781 F.2d 573, 579 (7th Cir. 1986). The jury instruction Walker tendered, and the district court gave, instructed the jury to consider the "physical and mental/emotional pain and suffering that plaintiff has experienced" and "no other." Walker failed to show that he suffered any physical and mental or emotional pain, and the jury was precluded from considering any damages that he might have suffered from his loss of liberty.[1] For these

---

[1] Walker cites to a relatively recent Second Circuit decision, *Kerman v. New York*, 374 F.3d 93 (2d Cir. 2004), where that court held that a victim of a false arrest "is entitled to compensatory, not merely nominal, damages." *Id.* at 124. Walker takes *Kerman* out of context;

reasons, the district court did not err when it declined to grant Walker a new trial for damages.

We now turn to Walker's contention that the district court erred in denying his motion for costs and attorney fees. We review an order denying costs or attorney fees for abuse of discretion. *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006); *Cruz v. Town of Cicero*, 275 F.3d 579, 591 (7th Cir. 2001). "An abuse of discretion occurs when no reasonable person could take the view adopted by the trial court." *Rivera*, 469 F.3d at 636. 42 U.S.C. § 1988 allows the district court to award attorney fees to the prevailing party in a § 1983 action. The Supreme Court has noted, however, that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief . . . the only reasonable [attorney] fee is usually no fee at all." *Farrar v. Hobby*, 506 U.S. 103, 115 (1992). *Farrar* suggested three factors a district court should consider in awarding attorney fees to a prevailing party: (1) the difference between the amount of damages sought and the amount actually awarded; (2) the "legal significance" of the issue being litigated; and (3) the public purpose (if any) of the litigation. *Id.* at 121-22 (O'Connor, J., concurring); *see also Briggs v. Marshall*, 93 F.3d 355, 361 (7th Cir. 1996). The district court properly considered these factors and found that Walker's victory did not merit an award of attorney fees, and we see no abuse of discretion in that ruling. To put it bluntly, Walker "asked for a bundle and got a pittance," *Farrar*, 506 U.S. at 120, and the district court was well within its discretion to conclude that the disparity between the amount sought and the amount received weighed against awarding attorney fees. *See Hyde v. Small*, 123 F.3d 583, 584 (7th Cir. 1997) (where a plaintiff wins only nominal damages, a reasonable fee is "especially likely to be zero" unless the case establishes important precedent or awards equitable relief).

The district court's analysis for denying costs, however, was incorrect. Rule 54(d) generally creates a presumption in favor of awarding costs to the prevailing party. *See Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) (there are "only two situations in which the denial of costs might be warranted": "misconduct of the party seeking costs," and "indigency of the party against whom they are sought"); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (the "court must award costs unless it states good reasons for denying them"); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854

---

Kerman did not abrogate the plaintiff's need to show that some injury was actually suffered. As the Second Circuit explained, "where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law." *Id.* Here, the jury did find that Walker's arrest was a constitutional violation, but did not find that Walker was injured by it and accordingly was not awarded compensatory damages. Furthermore, Walker's contention that his "loss of liberty" was an injury as a matter of law is unavailing; his own instructions precluded the jury from considering Walker's "loss of liberty" when determining damages.

F.2d 219, 222 (7th Cir. 1988) ("unless the losing party  affirmatively shows that the prevailing party is not entitled to costs, the district court must award them.").

Here, Walker prevailed at trial but was awarded no damages. At the hearing on Walker's post-trial motions, the district court, having concluded that Walker was not the prevailing party under the *Farrar* test and that only the prevailing party can recover attorney fees, denied Walker's request for fees. Similarly, the district court also denied costs because only a prevailing party can recover costs. In its minute entry after the hearing, however, the district court correctly observed that Walker *was* the prevailing party (the jury found in his favor, after all, even if it did not award him damages) and awarded him nominal damages of $1. The district court noted that *Farrar* provided a separate test applicable to the attorney fees determination, and Walker still failed that test even with the award of nominal damages. But although the court corrected its error and noted that the *Farrar* balancing test applied to the determination of whether to award attorney fees to the prevailing party, it should also have corrected its analysis of whether to award costs. The district court did not explain why Walker was not entitled to costs. It appears that the court applied the *Farrar* test to both attorney fees and costs, which was error because the determination of whether to award costs requires a different analysis than the determination of whether to award attorney fees.

Our case law exhibits different standards for each determination. Section 1983's fees provision uses more stringent language than Rule 54's costs provision. *Compare* 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of section[] . . .  1983 . . . the court, in its discretion, may allow the prevailing party attorneys' fees . . . . (emphasis added)), *with* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." (emphasis added)). The former imposes a stricter balancing test (currently the *Farrar* balancing test) to determine whether a prevailing party should be awarded fees, while the latter suggests a stronger presumption in favor of a prevailing party being awarded costs. Thus, the district court erred in its analysis of whether to award costs under Rule 54(d).

For the reasons set forth above, we AFFIRM the district court's orders denying a new trial and denying the award of attorney fees. But, as noted above, unless there is some exceptional reason for not awarding costs to the prevailing party, the court must award costs. Because the district court erred in its determination of whether to award costs to Walker, we REMAND for further proceedings consistent with this order.