Bennie TRUITT, Appellant,

v.

STATE OF ILLINOIS, Appellee.

No. 12981.

United States Court of Appeals
Seventh Circuit.

June 1, 1960.

Bennie Truitt, Madison, Ill., for appellant.

Grenville Beardsley, Atty. Gen., William C. Wines, Asst. Atty. Gen., Chicago, Ill., Raymond S. Sarnow, A. Zola Groves, Edward M. White, Asst. Attys. Gen., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.

PER CURIAM.

Plaintiff filed this suit in the United States District Court for the Southern District of Illinois, naming the State of Illinois as "respondent" and seeking damages in the sum of $790,000. Plaintiff appeared *pro se*, and apparently prepared his pleadings without legal assistance. Because plaintiff was unable to be personally present at the oral argument before this Court, we entered an order that the case would be submitted upon the briefs without oral argument.

The basis of plaintiff's claim for damages is that a state judge unlawfully convicted him of the crime of murder. He claims he was tried behind closed doors without the assistance of counsel, and was convicted upon false and insufficient evidence. This appeal is from an order of the District Court dismissing the suit for lack of jurisdiction.

██ The Constitution of the United States denies to federal courts jurisdiction of suits against states by certain classes of plaintiffs. Thus, the Eleventh Amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or' Subjects of any Foreign State." A literal reading of this Amendment would seem to indicate that the federal courts can exercise jurisdiction over a suit against a state if the plaintiff is a citizen of the defendant state, which is the situation in the case at bar. However, the Supreme Court of the United States has held that, even though plaintiff is a citizen of the defendant state, federal courts are without jurisdiction unless the State consents to be sued. Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535; Hans v. State of Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842; State of North Carolina v. Temple, 134 U.S. 22, 10 S.Ct. 509, 33 L.Ed. 849.

In the case at bar, the State of Illinois did not consent to be sued. Moreover, it could not consent as Article IV, § 26, of the Constitution of Illinois, S.H. A., provides: "The state of Illinois shall never be made defendant in any court of law or equity."

There is an additional ground for holding that the District Court was without jurisdiction in this matter. Federal courts have jurisdiction only of cases involving diversity of citizenship or arising under the Constitution or laws of the United States. In the case at bar, there is clearly no diversity of citizenship as plaintiff is a citizen of Illinois. Nor does this case arise under the Constitution or laws of the United States.

It might be argued that this case arises under the Civil Rights Acts, 42 U.S.C.A. § 1981 et seq. However, our Court has held contra in the case of Stift v. Lynch, 7 Cir., 267 F.2d 237. There we held that the Civil Rights Acts do not create a cause of action for false imprisonment unless such imprisonment is in pursuance of a systematic policy of discrimination against a class or group of persons. Plaintiff has not alleged any such discrimination.

For these reasons the order of the District Court dismissing this suit for lack of jurisdiction is

Affirmed.