David L. JOSEPH, Plaintiff-Appellant,

v.

James H. ROWLEN, Defendant-Appellee.

No. 16650.

United States Court of Appeals
Seventh Circuit.

Oct. 14, 1968.

Milton K. Joseph, Chicago, Ill., John A. Lambright, Danville, Ill., for plaintiff-appellant.

Harold A. Baker, Champaign, Ill., Wheat, Hatch, Corazza & Baker, Champaign, Ill., for defendant-appellee.

Before SCHNACKENBERG,* SWYGERT and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

Action against a city police officer for deprivation of federal constitutional rights. Arrest and detention without a warrant and without probable cause were alleged in substance, and a federal claim was asserted under 42 U.S.C. sec. 1983.

The district court directed a verdict in favor of defendant at the close of plaintiff's case. Taking the view of the evidence most favorable to plaintiff, plaintiff had established an arrest in violation of the fourth and fourteenth amendments, and the remaining question is whether a plaintiff need establish more in order to recover under sec. 1983.

Plaintiff David L. Joseph was a sales employee of the division of Alcoa Company which makes household utensils. On September 5, 1963, in Champaign, Illinois, he was demonstrating a sales technique called "free carding" to a new salesman under his supervision. This consisted of talking to one passerby, after another, asking if she was interested in a home demonstration of kitchen utensils, and endeavoring to make an appointment. Joseph was approaching people under this procedure about four in the afternoon on the sidewalk of a downtown street. The adjoining properties were stores.

Defendant James Rowlen was a city police officer. He arrived in a squad car and beckoned to Joseph, who crossed the street to meet him. After a conversation in which Joseph gave his name and said he was working but apparently declined further information, Rowlen asked him to enter the squad car. Joseph said he would not unless arrested. After apparently conversing with headquarters on his radio, Rowlen arrested Joseph and took him to the police station. After some delay, Rowlen told Joseph he was charged under a city ordinance with soliciting from house to house. Joseph was placed in a cell and remained there for about two hours, until a bondsman arrived. The charge under the city ordinance was later dismissed.

Damages presumably included mental suffering and humiliation from the experience and Joseph described discomfort due to the condition of the cell in which he was detained, and testified that he had lost a potential customer because of a news story about his arrest.

Plaintiff called defendant Rowlen to testify as an adverse party. He testified that he had observed Joseph from across the street for a minute or two and saw him talking to a lady. A Mr. Sholen, manager of a shoe store, had told Rowlen of a complaint that a lady customer of Sholen's had made. According to Sholen, the lady had said a man on the street wanted to talk to her and was trying to sell her pots and pans and was "obnoxious" and "very rude." Sholen pointed out Joseph as the man the lady had pointed out to him.

Rowlen called the sergeant on his radio and related the complaint. The sergeant told Rowlen to "bring him in." At the station, the sergeant told Rowlen to charge soliciting, but Rowlen admitted he knew "soliciting didn't cover it."

■ Crediting defendant Rowlen's testimony, he had been told by Sholen that an unnamed lady had told Sholen that Joseph tried to sell her pots and

* Judge Schnackenberg participated in the consideration and disposition of this case, but died before this opinion was filed.

pans and was obnoxious and very rude, and Rowlen had then observed Joseph talking to another lady. Defense counsel has not suggested any offense Joseph might have committed for which this information would supply probable cause. The arrest was constitutionally invalid unless Rowlen had knowledge and trustworthy information sufficient to warrant a prudent man in believing that Joseph had committed or was committing an offense.[1]

█ Thus plaintiff made out a case that Rowlen, acting under color of state law, deprived him of his liberty without due process of law. The district court apparently thought that plaintiff may have made out a case of false imprisonment, cognizable in a state court. The court pointed out, however, that plaintiff had not been abused, that there was no flagrant violation of rights, nor brutality. Relying upon the *Stift* and *Truitt* decisions of this court[2] the district court held that false imprisonment does not give rise to a cause of action under 42 U.S.C. sec. 1983 unless such imprisonment is in pursuit of a systematic policy of discrimination against a class or group of persons.

*Stift* and *Truitt*, however, were decided before the Supreme Court decision in Monroe v. Pape.[3] In *Monroe* sec. 1983 liability was grounded upon violation of "the guarantee against unreasonable searches and seizures contained in the

Fourth Amendment * * * made applicable to the States by reason of the Due Process Clause of the Fourteenth Amendment."[4] Nothing in *Monroe* suggested that where a violation of the fourth amendment is shown, a cause of action under sec. 1983 does not arise unless there is also proof that such violation was incidental to systematic discrimination. We are satisfied that that doctrine of *Stift* and *Truitt* did not survive *Monroe*.[5]

Federal courts, including this one, have expressed the policy view that sec. 1983 should not be construed to make cognizable in a federal court any and all false imprisonment causes of action against police officers where the unlawfulness of the arrest is a violation of federal constitutional requirements.[6] The formulae suggested at times for distinguishing causes of action which are cognizable in federal court from those which are not have usually required for a federal cause of action facts indicating flagrancy or an improper motive.

One serious difficulty with such formulae is that there is nothing in the language of sec. 1983, or the fourth and fourteenth amendments as presently construed, on which to base such tests.[7]

█ Although the Supreme Court has found that certain defenses to a sec. 1983 cause of action exist, apparently by implication, they are defenses typical of tort causes of action. Thus common law

---

1. Beck v. State of Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142.

2. Stift v. Lynch (7th Cir. 1959), 267 F.2d 237; and Truitt v. State of Illinois (7th Cir. 1960), 278 F.2d 819.

3. (1961), 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492.

4. Id. at p. 171, 81 S.Ct. at p. 476.

5. See Cohen v. Norris (9th Cir. 1962), 300 F.2d 24, 29, expressly overruling a similar doctrine in the ninth circuit, as deemed required by *Monroe*.

6. Hardwick v. Hurley (7th Cir. 1961), 289 F.2d 529, 530; Phillips v. Nash (7th Cir. 1962), 311 F.2d 513, 516; Selico v. Jackson (S.D.Cal.1962), 201 F.Supp. 475,

478; Beauregard v. Wingard (S.D.Cal. 1964), 230 F.Supp. 167, 185; Raab v. Patacchia (S.D.Cal.1964), 232 F.Supp. 71.

7. 42 U.S.C. sec. 1983 imposes liability upon every person who, acting under color of state law, subjects another "to the deprivation of any rights, privileges, or immunities secured by the Constitution * * *." The fourth amendment provides in part, "The right of the people to be secure in their persons * * * against unreasonable * * * seizures, shall not be violated * * *" and the fourteenth, "* * * nor shall any State deprive any person of * * * liberty * * * without due process of law * * *."

defenses of legislative immunity[8] and judicial immunity[9] exist under sec. 1983. A police officer is not liable if he acted in good faith *and* with probable cause in making an arrest under a statute he believed to be valid even though the statute be later held invalid.[10] On the basis of legislative history, the Supreme Court determined that Congress did not intend to impose liability on a municipality.[11]

In dealing with the questions whether a person is liable under sec. 1983 only if he acted with a specific intent to deprive a person of a federal right, and in deciding that such intent was not required, the Supreme Court said section 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions."[12]

Although the Supreme Court refers in *Pierson* to "the defense of good faith and probable cause", available to a police officer under sec. 1983, there is no suggestion that a police officer is entitled to a defense of good faith when he makes an arrest without a warrant and without probable cause.[13]

We conclude that under 42 U.S.C. sec. 1983, where a police officer makes an arrest which is unlawful under the federal constitution because made without a warrant and without probable cause to believe that the person arrested had committed or was committing an offense, sec. 1983 imposes on the officer a liability which is recoverable in federal court. Additional circumstances coloring the officer's action as flagrant or malevolent are not required.

It follows that it was error to direct a verdict in favor of defendant.

The judgment is reversed and cause remanded for further proceedings.

8. Tenney v. Brandhove (1951), 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019.

9. Pierson v. Ray (1967), 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288. Decisions in this circuit have held that prosecutors are not liable under sec. 1983 for their official acts. Stift v. Lynch (7th Cir. 1959), 267 F.2d 237; Phillips v. Nash (7th Cir. 1962), 311 F.2d 513.

10. Pierson v. Ray, fn. 9, 386 U.S. at p. 555, 87 S.Ct. 1213.

11. Monroe v. Pape, fn. 3, 365 U.S. at p. 191, 81 S.Ct. 473.

12. Monroe v. Pape, fn. 3, at p. 187, 81 S.Ct. 473.

13. See Anderson v. Haas (3rd Cir. 1965), 341 F.2d 497, 501.