**Delone MARTIN, Plaintiff,**

v.

**J. W. DUFFIE et al., Defendants.**

**Civ. No. 8294.**

United States District Court,
D. New Mexico.

June 11, 1971.

Duran, Pearlman & Short, David H. Pearlman, Albuquerque, N. M., for plaintiff.

John P. Duffy, Albuquerque, N. M., for defendants Alvin J. Campbell, Royce Keller, J. W. Duffie and G. Marquez.

## MEMORANDUM OPINION AND ORDER

MECHEM, District Judge.

The plaintiff, Delone Martin, brought this action for damages against three police officers for allegedly depriving him of civil rights pursuant to the provisions of Title 42 United States Code § 1983. On April 13, 1971 the matter was tried without a jury and the plaintiff's case produced the only evidence considered here, other than defendants' admissions by counsel.

Basically the plaintiff's evidence disclosed that on the night of November 14, 1968 plaintiff and a friend were arrested at plaintiff's home by defendants Duffie, Marquez and Campbell and taken to the Albuquerque Police Station. The arrest was for the alleged commission of the felony of commercial burglary. At the police station plaintiff was slapped across the forehead in an altercation with an officer not a party to this suit. The following day plaintiff was taken to a hospital where brain surgery was performed for a subdural hematoma. A medical doctor testified that given the fact that plaintiff was an alcoholic there was a medical probability that a slight blow could have caused the hematoma.

At the close of plaintiff's case counsel were informed that a verdict would be directed for the defendants unless plaintiff could give reason why such a determination should not be made. Opportunity was granted to submit briefs on the question of whether plaintiff presented a prima facie case and the same were received and examined.

The statutory prerequisites to liability under 42 U.S.C. § 1983 are clear and have been set out in an annotation in 1 A.L.R. Fed. 519 and in the 10th Circuit case of Stringer v. Dilger, 313 F.2d 536 (1963). They are: (1) that the defendant act "under color of" state or local law, and (2) that the plaintiff be subjected to a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

There is no question that the defendants were acting "under color of" local law. Defendants' counsel admitted that there was no arrest warrant for the plaintiff, which is here assumed to be a

proven fact for the purpose of this decision. Therefore, the only hurdle remaining for the plaintiff to make a prima facie case was to show that the police officers involved in the arrest were acting without probable cause.

■ This burden of showing a lack of probable cause at the time of the arrest is necessary since it is apparently settled that there is no civil rights violation for an arrest if probable cause existed at the time of the arrest.

Beauregard v. Wingard, 362 F.2d 901, at page 903 (9th Cir. 1966) states this proposition.

"Although the circumstances under which an arrest without probable cause gives rise to a claim under the Civil Rights Act may not yet be clearly established (citations omitted), it should in any event be clear that *where probable cause does exist civil rights are not violated by an arrest even though innocence may subsequently be established.*" (Emphasis added. Also *see* the "Synopsis" presented in 1 A.L.R. Fed. 519 at 521 and the cases cited therein).

The only question to be decided therefore is whether the plaintiff met his burden of showing lack of probable cause and hence an unlawful arrest and a "deprivation of rights, privileges, or immunities secured by the Constitution and laws."

Plaintiff contends in his brief (pages 3 and 4) that the fact that both he and Sammy White testified that he had not left his house on the night in question, plus the fact that the Bernalillo County District Attorney's Office later dropped all charges against him is sufficient to carry his burden of showing lack of probable cause.

■ The case law indicates otherwise. The existence or non-existence of probable cause cannot be shown through the eyes of the arrestee nor through the fact that the charges against him were later dismissed. Only through a showing of the facts under which the arresting officer acted can it be determined whether or not probable cause existed at the time of the arrest.

Bell v. United States, 102 U.S.App.D. C. 383, 254 F.2d 82, 85–87 (1957), cert. denied, 358 U.S. 885, 79 S.Ct. 126, 3 L. Ed.2d 113 (1958) points out that:

"Probable cause is not a philosophical concept existing in a vacuum; it is a practical and factual matter. \* \* \* The question is what constituted probable cause in the eyes of a reasonable, cautious and prudent peace officer under the circumstances of the moment." \* \* \*

The sum total of the reams that have been written on the subject is that a peace officer may arrest without a warrant when he has reasonable grounds, *in light of the circumstances of the moment as viewed through his eyes,* for belief that a felony has been committed and that the person before him committed it. (Emphasis added. Also *see* Gatlin v. United States, 117 U.S.App.D.C. 123, 326 F.2d 666, 668 (1963).

In order to show a lack of probable cause, therefore, plaintiff needed to show the facts and circumstances under which the police officers acted at the time of the arrest which was not done here.

Two cases very similar to this case and which at first glance might appear to be contrary to this opinion are Joseph v. Rowlen, 402 F.2d 367 (7th Cir. 1968) and the 10th Circuit case of Marland v. Heyse, 315 F.2d 312 (1963). In these cases the respective Courts of Appeals reversed the district courts for directing verdicts at the close of the plaintiff's case. However, in both of these cases the plaintiff elicited from the arresting officers pertinent evidence of a lack of probable cause for the arrest. In *Joseph,* the arresting officer testified that he knew at the time of the arrest that the charge did not cover the offense for which plaintiff was arrested. In *Marland,* the plaintiff showed that he had been arrested three times without charges ever being brought against him, that one of the arrests was for an of-

fense which apparently never occurred and that the arresting officer in one arrest admitted that he did not know the reason why plaintiff was arrested.

In the foregoing cases it is not difficult to see that the plaintiffs made prima facie cases of lack of probable cause for the arrests. That is not the case here. Plaintiff has not established an arrest without probable cause against these defendants, nor has he produced any other evidence which would substantiate an unlawful or unconstitutional arrest.

Jackson v. Wenzel, D.C., 282 F.Supp. 357 (1968) dealt with an action brought under § 1983. At page 359 of the reported opinion that court discussed the plaintiff's burden of proof in a civil rights action.

> As is well established, the burden of proof in civil actions for money damages is on the plaintiff, and that means that he must prove each essential element of his claim by a preponderance of the evidence. * * * A court cannot enter a money judgment in favor of the plaintiff unless a preponderance of the evidence shows that the plaintiff is entitled to that recovery. Under the law a plaintiff may not rest his case on a hope that the court will fill in the evidentiary gaps with the necessary inferences. The law is that if testimony leads as reasonably to one hypothesis as to another, it tends to establish neither. (Citations omitted).

Plaintiff having failed to establish one of the essential elements of his cause of action, that is that his arrest was either unlawful or unconstitutional, a verdict must be directed in favor of the defendants.

Now, therefore, it is ordered and adjudged that the cause of action brought by the plaintiff Delone Martin is dismissed on the merits and Judgment is entered in favor of the defendants Duffie, Marquez and Campbell.

This opinion will serve as findings of fact and conclusions of law.