**Erwine LAVERNE et ux., Plaintiffs,**

v.

**Howard J. CORNING et al., Defendants.**

**No. 67 Civ. 2830 (CMM).**

United States District Court,
S. D. New York.

Nov. 15, 1972.

Cohn, Glickstein, Lurie, Ostrin & Lubell, New York City, for plaintiffs; Jonathan W. Lubell, New York City, of counsel.

Mudge, Rose, Guthrie & Alexander, New York City, for defendants; Henry Root Stern, Jr., Thomas R. Esposito, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

This is a motion to vacate an order of this Court, entered on August 21, 1970, granting plaintiffs summary judgment on the first two causes of action solely on the issue of liability and on the basis of a memorandum opinion filed by me on July 6, 1970. Laverne v. Corning, 316 F.Supp. 629 (S.D.N.Y.1970). Defendants' motion is prompted by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 456 F.2d 1339 (2d Cir. 1972).

Plaintiffs brought this action under the Federal Civil Rights Act, 42 U.S.C. § 1983 (1970), to recover compensatory and punitive damages for an unconstitutional search and seizure participated in by the defendants, all of whom were at the time officials of the Incorporated Village of Laurel Hollow, Nassau County, New York. In the decision of July 6, 1970, this Court held, among other things, that as a matter of law the pleaded defense of "good faith" of the defendants was no defense to an action under § 1983. Concededly, if the Court was in error, summary judgment should not have been granted.

Assuming, however, the power of this Court in the interest of justice to vacate an order which is shown by subsequent decision in another case to have been incorrect—*cf.* Dictograph Products Co. v. Sonotone Corp., 230 F.2d 131 (2d Cir.), appeal dismissed, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956)—the present case does not warrant the invocation of that power, since the holding that good faith is not a valid defense to the causes of action referred to has not necessarily been impaired by *Bivens*.

Following the decisions in Monroe v. Pape, 365 U.S. 167, 81 S.Ct.

473, 5 L.Ed.2d 492 (1961) and Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), holding that § 1983 should be read against the background of tort liability, the courts have recognized the principle that in § 1983 cases the availability of a particular defense will depend upon whether it could be similarly used as a defense to tort liability in the parallel common law cause of action. Jenkins v. Averett, 424 F.2d 1228, 1233 (4th Cir. 1970); Whirl v. Kern, 407 F.2d 781, 787–788 (5th Cir. 1968), cert. denied, 396 U.S. 901, 90 S. Ct. 210, 24 L.Ed.2d 177 (1969); Joseph v. Rowlen, 402 F.2d 367, 369–370 (7th Cir. 1968); Jenkins v. Meyers, 338 F. Supp. 383, 390 (N.D.Ill.1972). I do not read *Bivens* as disagreeing with the principle enunciated by both *Monroe* and *Pierson* and the subsequent decisions of other courts that a good faith defense to § 1983 is available only where such a defense would be available to tort liability in the parallel common law cause of action. In the first place *Bivens* did not involve liability under § 1983, but was involved with "formulating a federal rule that applies on the same terms to both state and federal police officers" in a suit based on "the federal common law right of an aggrieved person to sue for damages caused by a violation of the Fourth Amendment guarantee against unreasonable searches and seizures." *Bivens, supra,* 456 F.2d at 1341. When the court stated that it believed the defense of good faith "to be the same defense held applicable to cases arising under Section 1983" (*Id.* at 1347) and cited Pierson v. Ray, *supra,* 386 U.S. 547, 87 S.Ct. 1213, as authority, it obviously was referring to the defense of good faith in unconstitutional arrest cases where the parallel common law action for false arrest allows such a defense (in *Pierson* under the common law of Mississippi). It also is obvious that in *Bivens* the court was concerned with the availability or non-availability of defenses as between state and federal law enforcement agents, *e. g.,* the grant of immunity. *Bivens, supra,* 456 F.2d at 1346–1347. Having refused to grant an immunity to federal agents not enjoyed by state agents similarly situated, it was only logical and just to give them the same defense enjoyed by their state brethren under common law. The observation that state law enforcement agents had the same defense in cases arising under § 1983 was purely gratuitous and in no way conflicts with the authorities hereinbefore cited.

■ Furthermore, little would be accomplished by my vacating the prior order herein. Subsequent to the date of that order the case was assigned to another judge for all purposes and presently is moving toward trial. If the assigned Judge so desires he can, in the exercise of his discretion, "go into the merits of a question previously decided in a ·case prior to final judgment"— Woods Exploration & Producing Co. v. Aluminum Co. of America, 284 F.Supp. 582, 585 (S.D.Tex.1968), rev'd on other grounds, 438 F.2d 1286 (5th Cir. 1971), cert. denied, 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972)—or he can, at trial, permit the defense of good faith to be tried and have a special verdict or general verdict with interrogatories returned under Fed.R.Civ.P. 49.

■ Finally, the motion of certain defendants to have the order granting partial summary judgment vacated as to them on grounds other than those already discussed herein is not supported by any newly discovered facts or changes in the law and is denied.

Accordingly, defendants' motion to vacate is denied without prejudice to its renewal before the judge to whom this case is now assigned.

So ordered.