Juanita **WILLIAMS**, Plaintiff-Appellee,

v.

Police Officer **GOULD** and City of Los Angeles, Defendants-Appellants.

No. 71–1077.

United States Court of Appeals, Ninth Circuit.

Oct. 17, 1973.

Rehearing and Rehearing In Banc Denied Dec. 11, 1973.

Burk M. Wiedner, Deputy City Atty. (appeared), Roger Arnebergh, City Atty., George J. Franscell, Asst. City Atty., Thomas J. Feeley, Dennis M. O'Rourke, Deputy City Attys., Los Angeles, Cal., for defendants-appellants.

David A. Binder (appeared), Boyd S. Lemon, Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and GOODWIN, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Juanita Williams sued a Los Angeles police officer, Ronald Gould, for damages under 42 U.S.C. § 1983, alleging an unconstitutional invasion of her apartment. Officer Gould defended on the ground that he had entered the apartment in the good-faith execution of his duties as a police officer to arrest a felon reasonably believed to be within. The trial court directed a verdict against Officer Gould. The court reasoned as follows: (1) If the entry violated Miss Williams' constitutional rights, good faith was not a defense under this court's ruling in Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962); and (2) the entry did violate Miss Williams' constitutional rights because Officer Gould should have secured a warrant before entering.

■ Good faith is a defense to liability for damages in a suit under section 1983—at least if, and to the extent that, it would be a defense "[u]nder the prevailing view in this country" in common-law actions based on the parallel tort. Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967); see Handverger v. Harvill, 479 F.2d 513, 516 (9th Cir. 1973); Dodd v. Spokane County, Washington, 393 F.2d 330, 335 (9th Cir. 1968); Notaras v. Ramon, 383 F.2d 403 (9th Cir. 1967). See also Joseph v. Rowlen, 402 F.2d 367,

370 (7th Cir. 1968); Whirl v. Kern, 407 F.2d 781, 788–791 (5th Cir. 1968); Eslinger v. Thomas, 476 F.2d 225, 229 (4th Cir. 1973).[1] If Cohen v. Norris were to the contrary, its authority could not have survived Pierson v. Ray; but, in any event, it is not. As the Supreme Court pointed out in Pierson v. Ray, a holding that specific intent is not an essential element of a cause of action under section 1983 does not negate the availability of a "good faith" defense, 386 U.S. at 556–557, 87 S.Ct. 1213.

■ In common-law actions for warrantless entry to effect an arrest, the prevailing tort law view in this country recognizes as a defense a good faith and reasonable belief that there is a felon on the premises. Restatement (Second) of Torts § 204 (1965); 1 F. Harper & F. James, The Law of Torts § 1.19, at 54–56 (1956). Such a defense is therefore available in the corresponding damage action under section 1983. Rodriquez v. Jones, 473 F.2d 599, 605 (5th Cir. 1973).

■ We comment on the merits of the defense in only one respect. Because the defense rests on good faith and reasonable belief, Officer Gould need not, in order to establish the defense, prevail on the legal position that a warrant is not required to enter a home to arrest a felon. Whether a warrant is required in such a situation is an open constitutional issue. It divides the Supreme Court. See Coolidge v. New Hampshire, 403 U.S. 443, 476–482, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1972). Either view as to its ultimate resolution might be entertained reasonably and in good faith. Moreover, warrantless entry of a dwelling by a police officer to effect an arrest is apparently authorized under certain circumstances by a California statute (Cal.Penal Code § 844), upon which Officer Gould may well have re-

---

* Honorable William J. Jameson, United States District Judge, District of Montana, sitting by designation.

1. The trial court's premise that if plaintiff's constitutional rights have been violated, the

"good faith" defense is not available deprives this defense of any significance, since if plaintiff's constitutional rights have *not* been violated, she has no cause of action under the Civil Rights Act.

lied reasonably and in good faith. *See* Pierson v. Ray, *supra,* 386 U.S. at 557, 87 S.Ct. 1213.

Reversed and remanded for further proceedings.