**John M. LAWRENCE, Plaintiff,**

**v.**

**Edward SCHAEFER et al.,**
**Defendants.**

**No. 67 Civ. 1218.**

United States District Court,
S. D. New York.

Dec. 31, 1973.

---

John M. Lawrence, pro se.

George M. Onken, Jamaica, N. Y., for defendants Edward Schaefer and William A. Nelson.

George L. Hubbell, Jr., Garden City, N. Y., for defendants Theodore Sigwart, Edwin Hausser and Curtis Becker.

## MEMORANDUM

LASKER, District Judge.

In the early morning of February 13, 1966, defendants Schaefer and Nelson, policemen attached to the Long Island Railroad, arrested plaintiff in a passenger waiting room maintained by the railroad in Garden City, New York, and charged him with loitering and resisting arrest in violation of § 1990–a, subdivision 2, and § 1851 of the New York Penal Law, McKinney's Consol. Laws. In 1967, plaintiff filed this action for an injunction and damages based on 42 U. S.C. § 1983 alleging a conspiracy by various police officers (including Schaefer and Nelson), judges, prosecutors and jailers, all of Nassau County, to deprive him of his civil rights by false imprisonment. On August 18, 1967, following a motion to dismiss by all the named defendants except Schaefer and Nelson, Judge Tenney filed a memorandum and order dismissing the complant as to the movants on various grounds, including improper service of process, and immunity from suit extended to judicial prosecutorial and custodial officers of the State.

## I.

Defendants Schaefer and Nelson now move for summary judgment dismissing the complaint as to them, on the ground that it fails to state a cause of action under the Civil Rights Act, 42 U. S.C. § 1981 et seq. In considering the same question on the earlier motion to dismiss, Judge Tenney concluded that plaintiff's pleadings were defective because their allegations of conspiracy to deprive plaintiff of his constitutional rights were not made with the requisite degree of particularity, citing Lombardi v. Dean Peace, 259 F.Supp. 222, 226 (S.D.N.Y.1966); Powell v. Workmen's Compensation Board, 327 F.2d 131 (2d Cir. 1964); Morgan v. Sylvester, 125 F.Supp. 380 (S.D.N.Y.1954), aff'd 220 F.2d 758, (2d Cir. 1955) cert. denied 350 U. S. 867, 76 S.Ct. 112, 100 L.Ed. 768 (1955), petition for rehearing denied, 350 U.S. 919, 76 S.Ct. 201, 100 L.Ed. 805 (1955). Judge Tenney also noted that the Civil Rights Act did not support a cause of action for false imprisonment unless the imprisonment was part of a systematic policy of discrimination against a class of citizens, citing Truitt v. State of Illinois, 278 F.2d 819 (7th Cir. 1960), cert. denied, 364 U.S. 866, 81 S.Ct. 109, 5 L.Ed.2d 88 (1960); Stift v. Lynch, 267 F.2d 237 (7th Cir. 1959); Bradford v. Lefkowitz, 240 F.Supp. 969 (S.D.N.Y.1965).

Plaintiff claims that the bulk of judicial authority, some of which has developed since Judge Tenney considered the issue in 1967, supports his claims under the Civil Rights Act. Plaintiff is correct that the recent trend in civil rights cases undercuts the earlier rule that allegations of specific intent or systematic discrimination must be alleged in an action based on unlawful imprisonment. Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969); Joseph v. Rowlen, 402 F.2d 367 (7th Cir. 1968). *Rowlen* held that an arrest made without a warrant and without probable cause was actionable under § 1983 without allegations of the arresting officer's specific intent to violate the claimant's rights. In *Kern* a sheriff's action in detaining a claimant for nine months after dismissal of indictments against him was held actionable where the sheriff was alleged to have negligently processed the dismissals. The cited cases, however, are distinguishable from the one at hand. In *Rowlen*, the plaintiff, a salesman of household utensils, was arrested while soliciting customers on a city street and charged under an ordinance prohibiting door-to-door sales. The charge was *dismissed* and plaintiff *then* sued under § 1983. In *Kern,* it was undisputed that the claimant was illegally deprived of his liberty for nine months. In every § 1983 case of which we are aware, there was present either conduct which clearly violated constitutional rights, as in Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), or state proceedings which showed that such rights had in fact been unjustifiably interfered with, as in *Kern* and *Rowlen*.

In this case, however, neither element is present. The only overt acts of Schaefer and Nelson alleged in the complaint are that they approached plaintiff in the passenger waiting room, asked for identification, demanded that plaintiff leave the waiting room, and following plaintiff's refusal forcibly arrested him, charging him with loitering (Complaint, Paragraphs 13–20). Plaintiff was convicted of the charges against him and so far as appears from his complaint and the papers submitted on this motion he did not appeal his conviction. Consequently, here there is no judicial determination, nor are there factual allegations, establishing that his constitutional rights were violated. Even reading most broadly the complaint as supplemented by plaintiff's 9(g) statement in opposition to this motion, and accepting plaintiff's version of the facts as true, he has at most alleged and established that defendants Schaefer and Nelson forcibly arrested him, and that the force they used was prompted by his acknowledged resistance to the arrest. Plaintiff's 9(g) statement states, in relevant part:

"39. About two minutes or so later, Schaefer and Nelson entered from the rear door of the waiting room.

40. Plaintiff at such time was walking toward the center of the room, about 40' x 30' to 35', when Nelson and Schaefer walked past him.

41. The room was quiet, and solely the four persons described were therein.

42. Plaintiff, in answer to a demand by Schaefer of what you . . . are doing here, answered that he was waiting for his train to New York City. (sic)

43. Schaefer then said 'show me your identifications papers', and Plaintiff replied that he refused because this wasn't a 'Pass Book Lw' country, like in Europe or South Africa. (sic)

44. Schaefer answered, 'O! so you're the one.' Plaintiff replied, 'I guess I must be.' I told him my name and address, and that I had gotten to station at 2:09, just missing the 2:05 train.

45. Schaefer then demanded to know whether I had a ticket. I told him that he knew, as a sign said on the wall, that the ticket office had been closed since 11:00 A.M.

46. Schaefer then told me to get out of the station. I said I refused; that

I was a business guest of the Long Island Railroad, awaiting my train, and that I didn't have to put up with police abuse.

47.   Schaefer demanded I show him how much money I had.

48.   I said I refused.

49.   Schaefer demanded again I get out of the station.

50.   I said I refused.

51.   Schaefer lunged toward me, with both hands, and grabbed me, and with Nelson doing something, they threw me to the concrete floor.

51.   I, during the sequence, called out to then to tell me he cause of the arrest. (sic)   There was no answer. I called out again for the same information, as they rasseled me on my stomach and put handcuffs tightly on my arms pulled behind my back.   I again asked they state a cause of arrest, pursuant to Sec. 180, C.C.P.

52.   Schaefer then answered the single word 'loitering'."

The addition of allegations of conspiracy does not convert a lawful arrest into a chargeable act under § 1983.   Powell v. Workmen's Compensation Board, *supra*.

## II.

Plaintiff, who appears *pro se,* has filed a voluminous document containing a number of motions seeking certain relief from what plaintiff claims to be irregular and prejudicial conduct on the part of Judge Tenney and ourselves.   We have considered the motions carefully and conclude they do not present any matter which would alter our finding that plaintiff has failed to state a claim under § 1983.   However, we note plaintiff's claim that at a conference of the parties in Chambers on May 4, 1973, we displayed bias and prejudice against him.   He now proposes the unusual procedure that, after considering the motions presently before us, we recuse ourselves from further proceedings in this case.   In view our our ruling that plaintiff has failed to state a claim, plaintiff's motion is moot, unless

the Court of Appeals should reverse. We believe, however, in accordance with the holding in Rosen v. Sugarman, 357 F.2d 794 (2d Cir. 1966) that our conduct of the proceedings has been free of prejudice to either side, and that it is as much a judge's obligation to continue to serve, when he believes himself free of prejudice, as it is to recuse himself when he believes that he cannot fairly try the case.   The defendants' motion for summary judgment is granted; plaintiff's motions are denied.

It is so ordered.