**Louis Peter BOSCARINO, Plaintiff,**

v.

**Carl NELSON, Defendant.**

**No. 71-C-531.**

United States District Court,
E. D. Wisconsin.

June 5, 1974.

Hayes, Peck & Gerlach by Gary A. Gerlach, Milwaukee, Wis., for plaintiff.

James B. Brennan City Atty. by Rudolph Randa, Asst. City Atty., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff brought this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 to recover damages incurred as the result of an allegedly unlawful arrest. Following a trial to the court, an oral decision was rendered in favor of the defendant. The plaintiff has now moved for reconsideration of that decision.

While there was some conflict between the testimony of the plaintiff and the defendant, there was substantial agreement at to the principal facts. As to all others, I fully accept the defendant's version as correct. The issue before the court is whether the proper legal standard was applied to those facts, and I conclude that it was not.

The defendant, a police officer, was off duty and traveling in his car during daylight hours on a south side Milwaukee street when he observed the defendant walking on that street. Officer Nelson knew the plaintiff, was aware of the fact that he lived in another area of town, at least recently, and was familiar with his reputation as a burglar. Consequently, the defendant decided to watch the plaintiff. What he saw was the plaintiff approach the front door of a relatively new apartment building, leave, and then proceed to the rear of an older apartment building in the next block on the opposite side of the street.

Officer Nelson testified that the plaintiff's past burglaries were largely concentrated in older apartment buildings. He suspected that the plaintiff had attempted to gain access to the newer building for larcenous purposes, had been unable to do so, and had reverted to an older, and presumably more familiar type of building for the same purpose. While the plaintiff was behind the building, the officer sent his wife home to get his service revolver and positioned himself in such a manner that he would be able to see the plaintiff emerge from the rear of the building if he should do so. The defendant made no effort to see what was actually occurring in back of the structure. Although he could see that an alley ran behind the building, he did not attempt to determine if the plaintiff had simply been using the alley without regard to the apartment building.

After approximately fifteen minutes, the plaintiff emerged from the rear of the building, and the defendant immediately arrested him for burglary. The plaintiff was not asked to explain his presence or conduct and no investigation of the scene was made prior to the arrest. A search of the plaintiff's person was conducted incident to the arrest, and a small paring knife, which testimony proved to be a "case knife", was discovered.

The defendant testified that he did not ask the plaintiff to explain his conduct prior to the arrest because the defendant believed, based on prior contact

with the plaintiff, that the reply would be a prevarication. He also stated that he immediately searched the plaintiff for the same reason that he sent his wife for his gun: he believed that the plaintiff might become violent in view of his probationary status and potentially lengthy commitment upon revocation.

Mr. Boscarino was subsequently convicted of carrying a concealed weapon, the knife referred to above. His county court conviction was appealed to the circuit court; it was reversed, and the charge was dismissed. The circuit court's action was based upon a determination that there had been no probable cause for the arrest and, therefor, that the search was illegal.

In an oral opinion at the conclusion of the trial in this court, I agreed that the arrest was unlawful in the constitutional sense in that it was without a warrant and probable cause was lacking. I also found, however, that the police officer had acted in good faith and with a reasonably held belief that he had probable cause to arrest the plaintiff. It was my view, at the time of such oral opinion, that judges familiar with the case law concerning probable cause determinations could well differ on whether the arrest here was constitutional as the county and circuit court judges apparently did. Therefore, the policeman's good faith and reasonably held belief in the lawfulness of his act were determined in my oral findings to be a sufficient defense to the plaintiff's action. Bivens v. Six Unknown Named Agents, 456 F.2d 1339 (2nd Cir. 1972), was relied on for such ruling.

"Therefore, to prevail the police officer need not allege and prove probable cause in the constitutional sense. The standard governing police conduct is composed of two elements, the first is subjective and the second is objective. Thus the officer must allege and prove not only that he believed, in good faith, that his conduct was lawful, but also that his belief was reasonable. And so we hold that it is a defense to allege and prove good faith

and reasonable belief in the validity of the arrest and search and in the necessity for carrying out the arrest and search in the way the arrest was made and the search was conducted. We think, as a matter of constitutional law and as a matter of common sense, a law enforcement officer is entitled to this protection." 456 F.2d at 1348. See also Williams v. Gould, 486 F.2d 547 (9th Cir. 1973).

In concluding that the *Bivens* rationale (which is clearly the law in the second circuit) is also applicable in this circuit, I considered several comments in recent seventh circuit cases. While those cases are not directly on point, they do tend to suggest an adherence to the philosophy of *Bivens:* a strong respect for the subjective good faith belief of the official whose conduct is challenged in a § 1983 action.

Briscoe v. Kusper, 435 F.2d 1046 (7th Cir. 1970), stands for the proposition that "damages are inappropriate where defendant officials have acted out of good faith and upon reasonable grounds." 435 F.2d at 1058. In United States ex rel. Miller v. Twomey, 479 F.2d 701 (7th Cir. 1973), the court stated that "the defense of good faith is available to prison officials, as it is to police officers." 479 F.2d at 719 n. 38. This sentiment was repeated in Haines v. Kerner, 492 F.2d 937 (7th Cir. 1974) where the court held that "good faith is a defense to state officials sued for damages under 42 U.S.C. § 1983. . . ." 492 F.2d at 941.

The plaintiff makes the argument however, that despite these comments, the case law of this circuit requires not only good faith and reasonableness but also *objective* probable cause in the narrow case of a policeman making an arrest without a warrant. He contends that later cases have not dealt directly with the issues decided in Joseph v. Rowlen, 402 F.2d 367 (7th Cir. 1968), and, therefore, that *Joseph* is binding in its literal sense. *Joseph* provides:

"[W]here a police officer makes an arrest which is unlawful under the

federal constitution because made without a warrant and without probable cause to believe that the person arrested had committed or was committing an offense, sec. 1983 imposes on the officer a liability which is recoverable in federal court. Additional circumstances coloring the officer's action as flagrant or malevolent are not required." 402 F.2d at 370.

The defendant counters that the probable cause referred to in *Joseph* is a subjective test; it is the equivalent, he urges, of requiring a reasonable belief that objective probable cause in the constitutional sense exists. Alternatively, it is argued that the court of appeals for the seventh circuit has effectively, albeit indirectly, liberalized the requirements of *Joseph* in *Briscoe, Miller* and *Haines.*

The defendant's arguments are attractive and acceptance of them following a chance to view the demeanor of the parties at trial would be comfortable. Having examined the foundation for *Joseph* as well as its history, however, I am unable to say that the court meant anything other than precisely what it said, and I am equally at a loss to point out any subsequent modification in cases on point.

That *Joseph* referred to the objective probable cause requirement as an essential element of the available defense is evident from its reliance on Anderson v. Haas, 341 F.2d 497 (3d Cir. 1965). In *Anderson*, the finding of probable cause was based on a determination of the reasonable beliefs of prudent men under the circumstances. It was clearly an objective and not a subjective test. Indeed, the court in *Anderson* quoted from Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L. Ed.2d 142 (1964):

"If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers, and effects,' only in the discretion of the police." 379 U.S. at 97, 85 S.Ct. at 229.

The intent to apply an objective standard is also apparent from Banish v. Locks, 414 F.2d 638 (7th Cir. 1969). That case, following *Joseph*, clearly considered probable cause in the objective constitutional sense as a required element of the defense.

*Joseph* relied heavily on the statement in Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), that "the defense of good faith and probable cause" is available to officers in § 1983 actions. 386 U.S. at 557, 87 S.Ct. at 1219. *Pierson,* however, also contains the statement that "if the jury found that the officers reasonably believed in good faith that the arrest was constitutional then a verdict for the officers would follow even though the arrest was in fact unconstitutional." 386 U.S. at 557, 87 S.Ct. at 1219. The defendant argues that the latter comment proves that the Supreme Court was speaking of something less than an objective test for probable cause. If such argument was made in *Joseph*, it was certainly rejected; a careful reading of *Pierson* indicates that the statement, in context, does not support the defendant's argument. The case dealt with policemen who claimed to be enforcing a state statute which subsequently was declared unconstitutional. The statement relied on reads in full:

"*If the jury believed the testimony of the officers and disbelieved that of the ministers, and if the jury found that the officers reasonably believed in good faith that the arrest was constitutional then a verdict for the officers would follow even though the arrest was in fact unconstitutional.*" 386 U.S. at 557, 87 S.Ct. at 1219. (emphasis added).

In the context of the decision, I believe that the first part of the foregoing statement referred to a finding of probable cause to believe that a law was being violated by the ministers, while the second part (upon which the present defendant relies) referred to a determination that the officers reasonably held a good faith belief that the law itself

was constitutional as applied. Cf. Clarke v. Cady, 358 F.Supp. 1156, 1159–1160 (W.D.Wis.1973). Thus, *Joseph's* conclusion that *Pierson* requires good faith and objective probable cause is certainly not inadvertent or clearly erroneous. Whether *Bivens* and other cases adopting a less stringent defense standard could pass constitutional muster under such an interpretation of *Pierson* is not a matter for this court to resolve. I find that *Joseph* requires objective probable cause in addition to good faith, and, since *Joseph* controls in this circuit, it is controlling in the case at bar.

 Considering this background, it is clear that current cases such as *Briscoe, Miller* and *Haines* cannot be said to have modified *Joseph.* *Joseph* concerns the narrow case of a policeman arresting a citizen without a warrant. In such a case, there is a particular constitutional requirement that such an arrest be based on probable cause to be valid, and the court of appeals has said that it must also be so based to support a defense to a § 1983 action. In other types of situations, such as those involved in the other cited cases, no question of probable cause is involved. In those cases the tests could only be grounded on less specific tests of good faith and reasonableness. Consequently, in view of the specific type of factual situation in *Joseph,* the reliance on *Pierson* for the holding, and the complete lack of equivocation in that holding, I believe the objective probable cause requirement is a required element of the defense at bar unless and until directly modified by the court of appeals.

It follows that the plaintiff's motion for reconsideration must be granted and judgment ordered for the plaintiff. The parties stipulated as to certain of the damages to be awarded upon a finding of liability, and others were left to the court's discretion. Those stipulated to were also proved at trial. While there is an obvious and conceded misunderstanding in the stipulation concerning the proper test for determining liability, the damages aspects of the stipulation clearly reflect the intent of the parties. Since this decision has been rendered on the liability issues without regard to the stipulation, there is no need to relieve the parties from its effect with respect to damages. Indeed, no party has asked such relief in that regard.

 Consequently, the plaintiff will be awarded special damages in the amount stipulated to: $1,263.20. I have observed both the plaintiff's and defendant's demeanor on the stand, considered the conduct of both parties at the time, and contemplated the effect of this occurrence on the plaintiff with respect to his background and place in society at that time. As a result, I have concluded that no general compensatory and no punitive damages are warranted. See Joseph v. Rowlen, 425 F.2d 1010 (7th Cir. 1970).

Therefore, it is ordered that the plaintiff's motion for reconsideration be and hereby is granted. The oral decision rendered for the defendant is hereby vacated.

It is also ordered that judgment be entered for the plaintiff and against the defendant in the amount of $1,263.20, plus the costs of this action.